**UNITED STATES of America,
Plaintiff,**

**v.**

**Samuel Joseph MELVILLE, John David Hughey, III, Jane Lauren Alpert, Patricia Elizabeth Swinton, Jonathan Bernard Grell, Defendants.**

**No. 70 Cr. 230 (MP).**

United States District Court,
S. D. New York.

April 24, 1970.

Lefcourt, Garfinkel, Crain, Cohn, Sandler & Lefcourt, New York City, for defendant John David Hughey; Frederick H. Cohn, New York City, of counsel.

Sanford M. Katz, New York City, for defendant Jane Lauren Alpert.

Whitney North Seymour, Jr., U. S. Atty., S. D. New York, by John R. Doyle,

III, Asst. U. S. Atty., S. D. New York, for plaintiff.

## MEMORANDUM

### (Motions for Severance)

POLLACK, District Judge.

The defendants Alpert and Hughey have moved for an order pursuant to Rule 14, Fed.R.Crim.P. severing their trial from that of defendant Melville.

■ Such a motion ought to be timely made. Yet, these motions have been made on the eve of a trial, the date of which was set initially for March 16, 1970, adjourned at defendants' request to April 27th and on like request to May 4th. Suppression hearings herein were completed and ruled on more than a month ago. Counsel for defendants have been aware since at least January, of the facts now claimed to involve prejudice if a joint trial be held.

■ Persons indicted jointly for the crimes of conspiracy and substantive offenses should be tried together except for the most compelling reasons. No evidentiary matter has been brought to the Court's attention to indicate that all the defendants cannot get a fair trial if tried together. There is a "public interest in avoiding unnecessary duplication and expense and in utilizing available facilities and personnel to best advantage toward assuring speedy trial for all of those accused." United States v. Wallace, 272 F.Supp. 838, 841 (S.D.N.Y. 1967). Accord, United States v. Kahaner, 203 F.Supp. 78, 81 (S.D.N.Y. 1962); United States v. Crisona, 271 F.Supp. 150, 154 (S.D.N.Y.1967).

The moving defendants argue that their connection, if any, with the alleged conspiracy is peripheral. The defendant Hughey states that "Samuel Joseph Melville has confessed to substantially all the crimes charged" * * *. The defendant Alpert says the same in substance and that "Perhaps the most prejudicial aspect of a joint trial will result from proof of flight by Melville months after his arrest." Each defendant also

adds that the government may not offer such proof.

Defendant Alpert's point that she is mentioned in only two of the overt acts is immaterial. "There is no requirement that a conspirator be charged with personal participation in one of the overt acts charged, so long as evidence of his own conduct has proved his participation in the conspiracy and some one of the overt acts charged has been performed by a co-conspirator in behalf of all". United States v. Brown, 335 F.2d 170, 172 (2d Cir. 1964).

The proof in the case at bar, insofar as it has been indicated in the pretrial hearings, does not appear to be complex. Seemingly, this case will be manageable both for the Judge and the jury. *Cf.* United States v. Boswell, 372 F.2d 781, 784 (4th Cir. 1967).

This is not a multifaceted conspiracy case where evidence against minor co-conspirators gets lost and forgotten amidst the overwhelming evidence against the prime movers. United States v. Kelly, 349 F.2d 720 (2d Cir. 1965).

The motions for a severance are, in all respects, denied.

So ordered.