**UNITED STATES of America**

v.

**Charles CLAYTOR et al., Defendants.**

**No. 70–Cr. 1077.**

United States District Court,
S. D. New York.

May 3, 1971.

Michael J. Gillen, New York City, for Dominick Santiago.

Patrick M. Wall, New York City, for Gerald Wendell.

CROAKE, District Judge.

## MEMORANDUM

This court has before it three motions in the above-captioned criminal matter. Its rulings thereon are as follows.

### I

The first motion to be considered is by defendant Dominick Santiago, referred to as Dominick Santiago, a/k/a Nick Sands, in the indictment, who has moved pursuant to Rule 7(d) of the Federal Rules of Criminal Procedure to strike from the indictment any reference to his alleged alias.

It has long been the policy of courts within the Southern District to refrain from tampering with indictments. Indeed, as was stated in United States v. Klein, 124 F.Supp. 476 (S.D.N.Y.1954), "A motion made pursuant to this rule will be granted only where it is clear that the allegation complained of is not relevant to the charge contained in the indictment and is inflammatory and prejudicial."

In the instant matter, reference to defendant Santiago's alias does not fall within this definition. Indeed, should reference be made to Nick Sands by one or more witnesses at trial, the presence of this alleged alias in the indictment will serve to eliminate jury confusion. Also, the possibility of any prejudice resulting from the jury's learning that defendant had an alias can be eliminated by the court's charge to the jury if defendant so requests at the proper time.

Accordingly, the motion of defendant Santiago to strike from the indictment any reference to his alleged alias is denied.

Eugene F. Mastropieri, Glendale, N. Y., for Frank Merino.

Gustave H. Newman, Brooklyn, N. Y., for Theodore Maritas and Charles Claytor.

## II

■ Next, defendant Wendell has moved pursuant to Rule 12 of the Federal Rules of Criminal Procedure to dismiss the indictment on grounds that the delay between the date of the offenses charged (1967) and the filing of the indictment (1970) deprived him of his fifth amendment right to due process of law and his sixth amendment right to a speedy trial. This motion to dismiss is pressed particularly hard with respect to Count 13 of the indictment on grounds that Count 13 "fails to contain a plain, concise, and definite statement of the essential facts constituting the offense charged, and is duplicitous of other counts in the indictment."

These motions are without merit and are denied.

## III

Defendant Wendell has also moved to sever Count 14 from the indictment on grounds that it is improperly joined in violation of Rule 8(a) of the Federal Rules of Criminal Procedure, and that joinder is prejudicial to him in violation of Rule 14.

Count 1 of the indictment alleges a conspiracy to embezzle union funds. Counts 2 through 12 allege substantive violations of the embezzlement statute. Count 13 alleges the making of false entries in the union's books, ostensibly to cover up the alleged embezzlements.

Defendant Wendell claims that Count 14, which names only the defendant Maritas, charges an entirely different type of crime (deprivation of a union member's rights by violence and coercion), not based on the transactions alleged in earlier counts and not connected with them as part of a common scheme or plan. This, he argues, constitutes misjoinder, and he further argues that he will be unduly prejudiced by it inasmuch as he will be tried for embezzlement with a co-defendant against whom evidence of violence and coercion will be received.

The government "strenuously" opposes Wendell's motion to sever. Noting that Maritas is also charged in Counts 1, 6 through 11, and 13, it claims that Count 14 is "but one act in a common scheme of all the defendants to completely control Local 2947 and do as they pleased with the funds of said union." The government also contends that witnesses used to prove Count 14 will be used to prove other counts in the indictment.

■ Defendant's claim of misjoinder in violation of Rule 8(a) is without merit. However, the claim that the joinder of Count 14 is unduly prejudicial is far more substantial.

■ Rule 14 of the Federal Rules of Criminal Procedure states, "If it appears that a defendant * * * is prejudiced by a joinder of offenses * * * in an indictment * * *, the court may order * * * separate trials of counts." Whether or not to apply this rule though, is clearly a matter of discretion for the trial judge. United States v. Adams, 434 F.2d 756 (2d Cir. 1970), United States v. Borelli, 435 F.2d 500 (2d Cir. 1970), United States v. DeSapio, 435 F.2d 272 (2d Cir. 1970).

Perhaps the most significant case on the question of prejudicial joinder was United States v. Lotsch, 102 F.2d 35 (2d Circuit 1939), cert. denied, 307 U.S. 622, 59 S.Ct. 793, 83 L.Ed. 1500 (1939). There, Judge Learned Hand stated—

"There is indeed always a danger when several crimes are tried together, that the jury may use the evidence cumulatively; that is, that, although so much as would be admissible upon any one of the charges might not have persuaded them of the accused's guilt, the sum of it will convince them as to all."

This, of course, is the primary consideration in the matter now before the court. However, it should also be noted

that, "The burden of demonstrating prejudice is a difficult one * * *. The defendant must show something more than the fact that a separate trial might offer him a better chance of acquittal." United States v. DeSapio, *supra,* 435 F.2d p. 280. "The general rule is that persons *jointly indicted should be* tried together where the indictment charges a crime which may be proved against all the defendants by the same evidence and which results from the same or a similar series of acts. * * * Such a rule conserves judicial resources, alleviates the burdens on citizens serving as jurors, and avoids the necessity of having witnesses reiterate testimony in a series of trials." United States v. Borelli, *supra,* 435 F.2d p. 502.

A cursory reading of the *DeSapio* and *Borelli* cases might support the view that severance is unwarranted in the case at bar. However, *DeSapio* and *Borelli* did not state an ironclad rule against severance. Rather, they simply upheld a discretionary judgment by the trial court that severance in those particular instances was not *required* by law. At no time was it stated that severance would have been improper if ordered by the trial court judges. And, more important, the instant case is distinguishable from *DeSapio* and *Borelli* in that severance is sought, not because the moving party wishes to be disassociated from a co-defendant against whom evidence of an identical crime will be introduced, but because of the violent nature of the crime the co-defendant is charged with in the count sought to be severed.

Thus, this court returns to the oft' repeated standard first enunciated by Judge Hand in Lotsch v. United States. Given multiple defendants and multiple counts, is there "reasonable ground for thinking that the jury could not keep separate what was relevant to each." *Lotsch, supra,* 102 F.2d p. 36.

In the instant matter, such difficulty might, in fact, arise. Thus, out of the abundance of caution for defendants' rights which our system of justice requires, the motion of *defendant* Wendell to sever Count 14 of the indictment is granted.

So ordered.