UNITED STATES of America,
Plaintiff,

v.

Leslie Eugene WHITE a/k/a Tiny
White, Defendant.

No. 74–Cr–129.

United States District Court,
E. D. Wisconsin.

Nov. 19, 1974.

conclude that each of the motions should be denied.

## I. MOTIONS TO DISMISS

### A. Constitutionality of § 1962(c)

The defendant is charged in the first count of this eleven count indictment with operating an enterprise through a pattern of racketeering, in violation of 18 U.S.C. § 1962(c). "Racketeering activity" is defined at 18 U.S.C. § 1961, and includes, among other things, the mail fraud (§ 1341) and interstate transportation of stolen property (§ 2314), offenses that are both charged against the defendant. According to 18 U.S.C. § 1961(5), a "pattern" of such activity exists if an accused has committed

> "at least two acts of racketeering activity, one of which occurred after the effective date of this chapter and the last of which occurred within ten years (excluding any period, of imprisonment) after the commission of a prior act of racketeering activity . . . ."

The defendant claims that "Sections 1961 and 1962 are so vague and uncertain as to be unconstitutional on their face." Specifically, he charges that "the definition of the element of 'pattern of racketeering activity' is vague and uncertain and fails to give a defendant definite and proper notice as to what activity is proscribed. . . ."

I conclude that the defendant's position is without merit. In common usage, the term "pattern" is applied to a combination of qualities or acts forming a consistent or characteristic arrangement. Use of the term "pattern" in connection with two racketeering acts committed by the same person suggests that the two must have a greater interrelationship than simply commission by a common perpetrator. The acts alleged in count I are part of a particular continuing criminal activity.

In my judgment, there is implicit in the statutory definition of "pattern of racketeering activity" a re-

William J. Mulligan, U. S. Atty., by David B. Bukey and Leah Lampone, Milwaukee, Wis., for plaintiff.

Kenneth R. Baumgartner, Kenosha, Wis., for defendant.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

This matter is before me on the defendant's "motions to dismiss"; "motion for a bill of particulars"; "motion to require a governmental inquiry as to electronic or mechanical surveillance and to require the government to affirm or deny its existence in this case"; "motion for disclosure of grand jury minutes"; "motion to delete use of an alias"; "motion for discovery"; and "motion to change venue or in the alternative to postpone the date of trial." I

quirement that the government must prove such an interrelatedness beyond a reasonable doubt in order to obtain a conviction under § 1962(c). No claim is made that only organized crime figures commit the various crimes which are designated at § 1961 as "racketeering activity." Absent a showing of a "pattern" or interrelatedness of such activity, § 1962(c) could be used against the isolated acts of an independent criminal; such was not the intended target of the challenged statute.

I have examined § 1962(c) in light of the arguments advanced by counsel. I am persuaded by the reasoning of the district court in United States v. Stofsky (S.D.N.Y., cases number 73–Cr–614 and 615, decided December 21, 1973), which determined, at page 7 of its slip opinion, that

> "the statute [§ 1962(c)] is clear enough. The elements of the predicate offenses are well-defined and established. It would be futile for a person to argue that he had no warning or knowledge that his commission of such acts would violate the law. Thus, the only serious question is whether § 1962(c) gives him adequate warning that the commission of more than one such criminal act under certain circumstances constitutes an additional, separate crime for which there is a separate penalty. With respect to this aspect, the statutory scheme of § 1962(c) is not unlike that of 21 U.S.C. § 848 which proscribes "a continuing criminal enterprise" in drug trafficking. That statute also creates a separate offense based on the commission of predicate crime under certain defined circumstances. Neither statute contains a requirement of scienter independent or in addition to that necessary to prove the predicate crimes. . . ."

I conclude that the defendant's motion to dismiss count I of the indictment on the grounds that §§ 1961 and 1962(c) are unconstitutional should be denied.

## B. Multiplicity

The defendant claims that counts II through XI of the indictment should be dismissed "for the reason that the criminal activity alleged therein is contained in, and is an integral part of, the very same criminal activity alleged in Count I."

The offenses charged individually in counts II through XI of the indictment appear to be the same as the predicate offenses incorporated in the racketeering charge set forth at count I. However, as noted earlier, besides proof beyond a reasonable doubt of the commission by the defendant of such predicate acts, conviction for the racketeering offense requires, as an additional and distinct element of proof, that the predicate acts have a factual nexus so as to constitute a *"pattern of racketeering activity."* Under these circumstances, I conclude that the indictment is not multiplicitous on its face and that the defendant's motion to dismiss counts II through XI or alternatively that the government elect as between count I and counts II through XI, should be denied. See United States v. Stofsky, *supra* (slip opinion, pp. 22–24).

## C. Propriety of Charge Under § 2314 in Count VI

The defendant claims that because 18 U.S.C. § 2312 deals *specifically* with the transportation, sale or receipt of stolen *motor vehicles* in interstate commerce, that it was improper for the government to charge the defendant in count VI with a violation of § 2314. According to the defendant "Section 2314 is a *general* statute covering goods, wares, merchandise, etc. and was not meant to apply to motor vehicles since motor vehicles are specifically covered under Sections 2312 and 2313." However, count VI of the present indictment charges that the defendant caused the interstate transportation of motor vehicles not merely knowing them to have been stolen, but, rather, knowing them "to have been stolen, un-

lawfully converted, *and taken by fraud."* As such, it properly alleges an offense under 18 U.S.C. § 2314. See United States v. Vicars, 465 F.2d 720 (6th Cir. 1972); United States v. Ballerstedt, 234 F.2d 526 (3rd Cir. 1956).

D. Sufficiency of Counts II Through XI

██ I have examined each of the counts II through XI and conclude that when viewed in conjunction with the allegations contained in count I (which allegations are incorporated by reference in counts II through XI), such counts are sufficiently informative to survive the defendant's motion to dismiss on grounds of vagueness. Each count contains the elements of the offense intended to be charged and sufficiently apprises the defendant of what he must be prepared to meet. No greater specificity is required.

## II. MOTION TO DELETE USE OF ALIAS

The defendant asserts that

"use of an alias [Tiny] by the government in this situation creates the illusion that LESLIE EUGENE WHITE associates with individuals of unsavory character who make it their habit to commit offenses against the government. Such reference to an alias is highly prejudicial in its potential impact upon a jury, in that it is easier for a jury to convict a hardened criminal who is known by an alias, than it is for them to convict someone solely on the facts."

██ Perhaps the defendant's argument would be more persuasive were the alias involved something on the order of "scarface" or "big tuna"—which are the two examples proferred by him. However, "Tiny" has been shown to be nothing more than a nickname. No showing of prejudice has been made. Moreover, the government has indicated that it intends to utilize the defendant's use of an alias as part of its proof and that many of the witnesses refer to the defendant as "Tiny". Under these cir-

cumstances, I conclude that the motion to delete the alias should be denied. United States v. Alby, 349 F.Supp. 331 (E.D.Wis.1972).

## III. DISCOVERY MOTIONS

██ The government indicates in its brief that it has made its entire investigative file available for examination by the defendant. Twenty-four hours before trial it proposes to disclose to the defendant the grand jury testimony of those persons it proposes to call as witnesses at trial. United States v. Cullen 305 F.Supp. 695 (E.D.Wis.1969). In addition, consistent with Korman v. United States, 486 F.2d 926 (7th Cir. 1973), the government has indicated that it intends to "conduct an inquiry as to whether any electronic surveillance of the defendant was conducted by any federal agency leading to the instant indictment and file an appropriate affidavit."

Under these circumstances, I conclude that the defendant's "motion for a bill of particulars"; "motion to require a governmental inquiry as to electronic or mechanical surveillance and to require the government to affirm or deny its existence in this case"; "motion for disclosure of grand jury minutes"; and "motion for discovery" should be denied. The defendant appears to have access to all the discovery to which he is entitled.

## IV. VENUE TRANSFER and CONTINUANCE MOTIONS

██ The defendant asserts that due to certain post-indictment publicity in Kenosha area media, he is entitled to a change of venue or, in the alternative, to "delay the trial of the above-captioned matter until after May 1, 1975." It should be noted that the test of whether a continuance or transfer of venue should be granted because of prejudicial pretrial publicity turns upon a consideration of whether it is possible to select a fair and impartial jury. At this juncture, the defendant has not shown such to be the fact; because this ques-

tion can better be determined upon the voir dire of the particular jurors involved, I decline to grant these motions at this time. United States v. Caesar, 368 F.Supp. 328 (E.D.Wis.1973).

Therefore, it is ordered that the defendant's motions to dismiss be and hereby are denied.

It is also ordered that the defendant's motion to delete the use of an alias be and hereby is denied.

It is further ordered that the defendant's various discovery motions be and hereby are denied.

It is further ordered that the defendant's motions for a transfer of venue, or alternatively, for a continuance, be and hereby are denied, without prejudice.