**UNITED STATES of America**

**v.**

**John Edward SCALZITTI et al., Defendants.**

**Crim. Nos. 74–276, 74–377.**

United States District Court, W. D. Pennsylvania.

Feb. 26, 1975.

John W. Murtaugh Jr., Kenneth A. Bravo, Sp. Attys., U. S. Dept. of Justice, Pittsburgh, Pa., for plaintiff.

Donald D. Rossetti, Pittsburgh, Pa., Richard H. Galloway, Daniel J. Ackerman, Greensburg, Pa., Irving M. Green, New Kensington, Pa., Joseph M. Loughran, Charles H. Loughran, Greensburg, Pa., Thomas A. Livingston, Pittsburgh, Pa., for defendants.

OPINION

TEITELBAUM, District Judge.

This case is presently before the Court on four motions of defendants: 1) Defendant Fanell's motion to dismiss the indictment; 2) defendant Scalzitti's motion to remove a restraining order; 3) defendant Scalzitti's motion to quash the indictment; and 4) defendant Scalzitti's motion to dismiss the first and sixteenth counts of the indictment.

A hearing will be scheduled on defendant Fanell's motion. On January 14, 1974, Fanell, a subpoenaed witness, refused to answer questions put to him before a Western District of Pennsylvania grand jury, claiming a privilege against self-incrimination. That same day, I directed Fanell to testify by means of an Order under 18 U.S.C. Secs. 6002–6003 entered pursuant to a proper governmental request for immunity. Fanell did testify and subsequently was indicted for alleged violations of various federal criminal statutes. The government denies that the compelled testimony given by Fanell had any part in leading to the indictment at this number and according to the case of *Kastigar v. United States*, 406 U.S. 441, 92 S.Ct. 1653, 32 L.Ed.2d 212 (1972), it now bears the burden of proving that the evidence it proposes to use against Fanell is derived from a source wholly independent of the compelled testimony.

By his first motion, Scalzitti contends that the Order entered September

25, 1974 pursuant to 18 U.S.C. Sec. 1963(b) restraining him from, *inter alia,* selling, transferring or otherwise disposing of the assets of Jon's Oldsmobile-Cadillac, Inc., other than in the ordinary course of business, is illegal and unconstitutional in that it allegedly deprives him of his property and "strips him of his presumption of innocence" without due process of law. The latter contention is clearly frivolous and without merit. Defendant is no more stripped of the presumption of innocence by this restraining order than would be the case were he required to post bond. His contention that he has been deprived of his property without due process is premature. Although the statute contains a provision for forfeiture of property upon conviction, the merits of such a question cannot be examined hypothetically. At the present time, the restraining order serves only to maintain the *status quo* and thus is neither illegal nor unconstitutional. Should the situation change and defendants desire to sell his business (which would be an intention contrary to the one expressed at arraignment) or should a *bona fide* offer to buy the business be forthcoming, such facts may be presented to the Court on petition. Defendants' motion to remove the restraining Order will be denied.

The motions to quash the indictment and dismiss counts one and sixteen of the indictment are directed toward the constitutionality of 18 U.S.C. Sec. 1962 and raise the issue of whether the statute is valid under a standard of vagueness. Defendant Scalzitti focuses particular attention on the "conduct of affairs" language of subsection (c) of the statute,[1] contending that insofar as no distinction is made between the illegal, but incidental or peripheral functions of an otherwise legitimate concern and an enterprise whose sole *raison d'être* is to serve as a front for racketeering activity, the statute must fail as being too indefinite. I have considered the relevant sections of the Organized Crime Control Act of 1970 called in question and find that I agree with the analysis set out in *U. S. v. Stofsky,* 409 F.Supp. 609 (S.D.N.Y.1973) and *U. S. v. Amato,* 367 F.Supp. 547 (S.D.N.Y.1973). As stated in the Stofsky opinion:

It is contended that Section 1962(c) thus fails to set forth the degree and intensity of the relationship required between the racketeering activity in the usual operation of the enterprise, and that without such definition the prospective defendant cannot predict with any certainty the conduct sought to be made lawful. The constitutional requirement of definiteness in criminal statutes, they urge, would require the statute to state whether or not the alleged racketeering activity 'must be in furtherance of the enterprise; or if it need be merely not harmful to the enterprise, or even contrary to the goals of the enterprise' . . . or whether it 'must be a vital and constant part of the operation of the enterprise or if it only need be random and barely related to the usual operation of the enterprise.'

In this Court's view, the statute is clear enough. The elements of the predicate offenses are well-defined and established. It would be futile for a person to argue that he had no

---

1. Title 18, U.S.C. Section 1962(c) and (d) provide: (c) It shall be unlawful for any person. employed by or associated with any enterprise engaged in, or the activities of which affect interstate or foreign commerce, to conduct or participate, *directly or indirectly, in the conduct of the affairs of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.* (d) It shall be unlawful for any person to conspire to violate any of the provisions of subsections (a), (b), or (c) of this section. (emphasis added).

Section 1961 of Title 18 provides: (a) "Racketeering activity" means . . . (B) any act which is indictable under any of the following provisions of title 18, United States Code . . . section 1341 (relating to mail fraud). (5) "Pattern of racketeering activity" requires at least two acts of racketeering activity, one of which occurred after the effective date of this chapter and the last of which occurred within ten years (excluding any period of imprisonment) after the commission of a prior act of racketeering activity.

warning or knowledge that his commission of such acts would violate the law. P. 612 of 409 F.Supp.

\* \* \* \* \* \*

*Stofsky* then continues:

Set forth, then, on the face of the statute is a necessary connection between the person who would commit the enumerated predicate acts and the enterprise, and between the acts and that person's participation in the operations of the enterprise.

It is true that the statute does not define this connection by distinguishing between predicate acts which play a major or a minor role, or any role at all, in what might be seen as the usual operations of the enterprise; nor does it require that such acts be in furtherance of the enterprise, as defendants suggest it might.

In this Court's view, the statute fails to state these requirements because Congress did not intend to require them in these terms. The perversion of legitimate business may take many forms.

I adopt the view set out in *U. S. v. Stofsky* as to the constitutionality of Sec. 1962(c). The remaining contentions made in support of defendant's motion to quash and motion to dismiss counts one and sixteen have been examined and found to be without merit. An appropriate order in accordance with this opinion shall be entered.

### ORDER

And now, to-wit, this 26th day of February, 1975, in accordance with the foregoing Opinion in the above-captioned case, it is ordered that the motion to dismiss counts one and sixteen of the indictment, the motion to remove restraining order and the motion to quash the indictment be and the same are hereby denied. It is further ordered that a hearing shall be held on defendant Fanell's motion to dismiss the indictment on March 14, 1975 at 10:00 A.M. in Courtroom No. 12, 1036 U.S. Courthouse and Post Office, Pittsburgh, Pa. 15219.