**UNITED STATES of America**

v.

**Fred R. FIELD, Jr., Defendant.**

**No. 76 Cr. 1117.**

United States District Court,
S. D. New York.

April 22, 1977.

LASKER, District Judge.

Fred R. Field, Jr., whom the government alleges to be a General Organizer of the International Longshoremen's Association (ILA), is charged in a three count indictment with unlawfully demanding and receiving money from United Brands Company, an employer of longshoremen, from late 1968 through December, 1971. Count One alleges violations of the Organized Crime Control Act of 1970 (hereinafter the Act or the Statute), specifically 18 U.S.C. §§ 1961(4) and (5); 1962(c); Count Two alleges a single violation of 29 U.S.C. § 186(b); and Count Three alleges a conspiracy to commit the above offenses in violation of 18 U.S.C. § 371.

Field moves to dismiss Count One and that portion of Count Three which charges conspiracy to violate the Act, alleging various infirmities in the indictment and the Statute on which it is based.

## I. Failure to Allege a Crime Under the Act

Under 18 U.S.C. § 1962(c) it is unlawful

"for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity . . ."

"Racketeering activity" includes illegal payments and loans to labor organizations or their employees indictable under 29 U.S.C. § 186. 18 U.S.C. § 1961(1)(C). A "pattern of racketeering activity" requires at least two acts of racketeering activity within ten years of each other, one of which must have occurred after the effective date of the Statute. 18 U.S.C. § 1961(5).

Field argues that the indictment is defective because it fails to specify in what manner he is alleged to have conducted or participated in the conduct of the ILA's affairs through a pattern of racketeering activity, as distinct from simply engaging in corrupt

Robert B. Fiske, Jr., U. S. Atty., for the Southern District of New York, New York City, for the United States of America; John R. Wing, Alan Levine, Asst. U. S. Attys., New York City, of counsel.

Lawrence K. Feitell, New York City, for defendant.

activities on his own behalf. He claims that the statute is not aimed at individuals who merely happen to be union employees and who take advantage of their position for individual gain, but at unions whose activities are conducted in an illegal fashion. According to Field an indictment under the Statute must allege more than corrupt behavior on the part of a union official or employee; "it must [allege] that the union itself is corrupt." (Defendant's Memorandum at 4) While it is true that such allegations are missing from this indictment, Field's argument that an offense has therefore not been stated is unpersuasive.

■ The key phrase "to conduct or participate . . . in the conduct of [the] enterprise's affairs through a pattern of racketeering activity" is nowhere specifically defined. Indeed, the Act has been challenged as being unconstitutionally vague for this very reason. *United States v. Scalzitti,* 408 F.Supp. 1014 (W.D.Pa.1976); *United States v. White,* 386 F.Supp. 882 (E.D. Wis.1974); *United States v. Stofsky,* 409 F.Supp. 609 (S.D.N.Y.1973). In *United States v. Stofsky, supra,* the court considered the vagueness argument at length and concluded that the absence of explanatory language regarding the requisite nexus between the unlawful acts of an individual and union activities is not fatal for the simple reason that no particular degree of interrelationship is required. Judge Pierce stated:

". . . § 1962(c) sufficiently places men of reasonable intelligence on notice that persons employed by the type of enterprise therein defined cannot resort to a pattern of specified criminal acts in the conduct of the affairs of that enterprise. Set forth, then, on the face of the statute is a necessary connection between the person who would commit the enumerated predicate acts and the enterprise, and between the acts and that person's participation in the operations of the enterprise.

It is true that the statute does not define this connection by distinguishing between predicate acts which play a ma-

jor or a minor role, or any role at all, in what might be seen as the usual operations of the enterprise; nor does it require that such acts be in furtherance of the enterprise, as defendants suggest it must.

In this Court's view, the statute fails to state these requirements because Congress did not intend to require them in these terms. The perversion of legitimate business may take many forms. The goals of the enterprise may themselves be perverted. Or the legitimate goals may be continued as a front for unrelated criminal activity. Or the criminal activity may be pursued by some persons in direct conflict with the legitimate goals, pursued by others. Or the criminal activity may, indeed, be utilized to further otherwise legitimate goals. No good reason suggests itself as to why Congress should want to cover some, but not all of these forms; nor is there any good reason why this Court should construe the statute to do so. It plainly says that it places criminal responsibility on both those who conduct and those who participate, directly or indirectly, in the conduct of the affairs of the enterprise, without regard to what the enterprise was or was not about at the time in question." 409 F.Supp. at 613.

*Accord, United States v. Scalzitti, supra; United States v. White, supra.*

■ This analysis, with which we agree, is dispositive of Field's contention. Section 1962(c) nowhere requires proof regarding the advancement of the union's affairs by the defendant's activities, or proof that the union itself is corrupt, or proof that the union authorized the defendant to do whatever acts form the basis for the charge. It requires only that the government establish that the defendant's acts were committed in the conduct of the union's affairs. This much is plainly alleged in Field's indictment.

## II. Ex post facto Nature of the Act; Statute of Limitations Claims; and the Ambiguity and Vagueness of the Act

As noted above, under § 1961(5) a "pattern of racketeering activity" requires proof of two such acts, but only one of these must have occurred after the effective date of the Statute. Thus, Congress clearly contemplated that one or more of the underlying acts of racketeering activity necessary to comprise a pattern could be acts which took place prior to October 15, 1970, the date the Statute went into effect. In this case Field is charged with having received unlawful payments as a union official in violation of 29 U.S.C. § 186 (a "racketeering activity") on seven occasions from September, 1968 to March, 1969, and again on seven more occasions from September, 1971 through December 13, 1971. Field contends that insofar as the Statute permits him to be charged with acts committed prior to its effective date, it is violative of the constitutional ban on ex post facto laws.

We are in agreement with at least two other courts which have considered and rejected this contention. *United States v. Campanale,* 518 F.2d 352 (9th Cir. 1975), *cert. denied,* 423 U.S. 1050, 96 S.Ct. 777, 46 L.Ed.2d 638, *reh. denied,* 424 U.S. 950, 96 S.Ct. 1422, 47 L.Ed.2d 356 (1976); *United States v. Mandel,* 415 F.Supp. 997, 1022 (D.Md.1976). An *ex post facto* law is one which "makes an action done before the passing of the law, and which was innocent when done, criminal; and punishes the action," or which "aggravates a crime, or makes it greater than it was, when committed," or which "changes the punishment, and inflicts greater punishment, than the law annexed to the crime, when committed." *Calder v. Bull,* 3 Dall. (U.S.) 386, 390, 1 L.Ed. 648 (1798). The Statute does none of these things. Rather, it creates a separate and distinct crime, comprised of the commission of at least two previously defined illegal acts, which is not complete until the second act is done. Because by the terms of § 1961(5) the later act must occur after October 15, 1970, the offense itself is incapable of completion prior to

that time. One who has committed acts of racketeering activity prior to that date is on notice that the commission of a further such act within the prohibition of the Statute will subject him to liability for a new offense. He thus has "the notice necessary to conform his actions to the new requirement of the law." *United States v. DeStafano,* 429 F.2d 344, 347 (2d Cir. 1970), *cert. denied,* 402 U.S. 972, 91 S.Ct. 1656, 29 L.Ed.2d 136 (1971). This is all that the *ex post facto* clause requires.

Field also argues that it is violative of the five year federal statute of limitations for non-capital offenses, 18 U.S.C. § 3282, to permit prosecution for the acts committed in 1968 and 1969 under an indictment returned on December 10, 1976. Although the five year limitations period clearly prohibits the government from charging Field with the separate violations of 29 U.S.C. § 186 occurring prior to December 10, 1971, which were complete with the acceptance of each of the alleged unlawful payments, it cannot reasonably be read to bar prosecution for engaging in a pattern of racketeering activity where, as here, at least one of the alleged acts of racketeering activity took place within the five year period. With respect to this offense, the separate violations of 29 U.S.C. § 186 are simply elements of the violation. The Act provides an example of a continuing offense for purposes of computing the time at which the statute of limitations begins to run. The "nature of the crime . . . is such that Congress must assuredly have intended that it be treated as a continuing one." *Toussie v. United States,* 397 U.S. 112, 115, 90 S.Ct. 858, 860, 25 L.Ed.2d 156 (1970). The language of the Act, which makes a pattern of conduct the essence of the crime, "clearly contemplates a prolonged course of conduct." *Id.* at 120, 90 S.Ct. at 863. Like the statute of limitations for conspiracies, which runs from the date of the last overt act, *Grunewald v. United States,* 353 U.S. 391, 396–97, 77 S.Ct. 963, 1 L.Ed.2d 931 (1957), the statute of limitations for violations of the Act runs from the date of the last alleged act of racketeering activity.

In a variation on his *ex post facto* and statute of limitations challenge, Field contends that the Act is self-contradictory and vague. It has been challenged as being void for vagueness in other cases, and has consistently been upheld. See, e.g., *United States v. Campanale, supra,* 518 F.2d at 363–64; *United States v. Stofsky, supra; United States v. Scalzitti, supra; United States v. White, supra.* And see, *United States v. Parness,* 503 F.2d 430, 440–42 (2d Cir. 1974) (involving a vagueness challenge to § 1962(b)). Field takes a slightly different tack. He claims that the Act is internally inconsistent and self-contradictory, because although by its terms it seems to permit convictions based in part on acts of "racketeering activity" committed prior to October 15, 1970, no such acts could possibly have occurred before that time because "racketeering activity" is itself a construct of the Statute. Prior to the effective date, such acts were "merely" violations of other statutes, in this case, e.g., 29 U.S.C. § 186. Since the Statute is allegedly contradictory on its face, Field maintains that the ambiguity must be resolved in favor of the defendant, by which he means that proof of acts prior to October 15, 1970 should not be allowed.

■■■ This argument is spurious. "Racketeering activity" is a statutory term which specifically incorporates any acts indictable under a number of specified previously existing statutes, including 29 U.S.C. § 186. That the label "racketeering activity" did not come into existence until the passage of the Act in no way renders the Statutes ambiguous in the manner Field suggests. The express provision in § 1961(5) that at least one of the acts of racketeering activity must take place after the effective date of the Statute would be meaningless unless Congress intended that a predicate act could be one which occurred earlier. This section renders perfectly clear the purported ambiguity. On its face the Act makes plain what is confirmed by the legislative history cited in *United States v. Campanale, supra,* 518 F.2d at 364, n.34, that Congress intended the Act to apply to offenses made up in part of violations of other statutes occurring prior to October 15, 1970 and subsequently labeled "racketeering activity."

## III. Unconstitutional Presumption Regarding the Existence of a Pattern

■■■ Field's final contention is that the Statute creates an unconstitutional presumption that two acts of racketeering activity committed within ten years of each other constitute a pattern. The problems inherent in the failure of the Statute more completely to define the word "pattern" has been the focus of many of the attacks claiming that the Act is void for vagueness. See, e.g., *United States v. Stofsky, supra; United States v. Scalzitti, supra; United States v. White, supra.* These cases have unanimously upheld the Statute. In *Stofsky,* the court held that the word "pattern" includes "a requirement that the racketeering acts must have been connected with each other by some common scheme, plan or motive so as to constitute a pattern and not simply a series of disconnected acts." 409 F.Supp. at 614. See also *United States v. White, supra,* 386 F.Supp. 883–84. The government agrees that at trial it must prove the existence of such a pattern. (Government's Brief at 16) Moreover, assuming *arguendo* that two isolated acts of racketeering activity within ten years of each other is *per se* insufficient to constitute a pattern, but *cf. United States v. Parness, supra,* and discussion thereof in *United States v. Moeller,* 402 F.Supp. 49, 57–58 (D.Conn.1975), Field is in a poor position to obtain a dismissal of the indictment on this ground. He is charged here with fourteen separate acts within a four-year period under circumstances which, if proved at trial, would seem to constitute a clear pattern of conduct.

■■■ Field's argument suffers from another defect. There is no constitutional principle that would prevent Congress from labeling the commission of two crimes within a specified period of time and in the course of a particular type of enterprise a "pattern" of activity, whether or not a se-

quence of two similar acts amounts to a pattern as that term is ordinarily understood. Further, Congress is constitutionally entitled to make such behavior an independent criminal offense, punishable more severely than simply twice the penalty for each constituent offense.

For the foregoing reasons, the motion to dismiss is denied in all respects.

It is so ordered.