**COUNTY OF COOK, Plaintiff,**

v.

**Robert BERGER and Berger Group, Inc., a corporation, Defendants.**

**No. 83 C 3401.**

United States District Court, N.D. Illinois, E.D.

Nov. 24, 1986.

Mark R. Davis, Kevin P. Burke, Asst. State's Atty., Chicago, Ill., for plaintiff.

Don H. Reuben, James H. Alesia, Katherine E. Rakowsky, Reuben & Proctor, Chicago, Ill., for defendants.

## MEMORANDUM OPINION

KOCORAS, District Judge:

Defendants move this Court to reconsider its denial of defendants' motion for judgment on the pleadings on June 25, 1986, or in the alternative, to certify certain questions for immediate appeal. In its June 25, 1986 ruling, the Court found, *inter alia,* that the statute of limitations for civil RICO violations "runs from the date of the last alleged act of racketeering activity." In their motion to reconsider, defendants urge the Court to instead adopt the rule that the limitations period runs from the date when the plaintiff knew or should have known of his injury, even when that date is earlier than the date of the last predicate act. For the following reasons, the Court is not persuaded that its June 25, 1986 opinion was in error. Accordingly, defendants' motion to reconsider is denied.

434

Defendant's motion for certification is likewise denied.

## DISCUSSION

### I. Reconsideration

No uniform test has yet been adopted by the federal courts for determining when a civil RICO cause of action accrues, i.e., when the limitations period begins to run. This Court relied upon *United States v. Field*, 432 F.Supp. 55, 59 (S.D.N.Y.1977), *aff'd mem.*, 578 F.2d 1371 (2d Cir.), *cert. dismissed*, 439 U.S. 801, 99 S.Ct. 43, 58 L.Ed.2d 94 (1978), as the basis for its June 25, 1986 ruling asserting that the limitations period runs from the date of the last overt act. The *Field* court reasoned that:

The Act [civil RICO statute] provides an example of a continuing offense for purposes of computing the time at which the statute of limitations begins to run.... The language of the Act which makes a pattern of conduct the essence of the crime, "clearly contemplates a prolonged course of conduct." ... [Thus,] [l]ike the statute of limitations for conspiracies, which runs from the date of the last overt act, the statute of limitations for violations of the Act runs from the date of the last alleged act of racketeering activity.

*Id.* 432 F.Supp. at 59 (citations omitted).

Although differing views exist in this district as to the proper accrual date for civil RICO claims,[1] this Court continues to favor the analysis expressed by the court in *Field*. *Accord Newman v. Wanlund*, 651 F.Supp. 20 (N.D.Ill.1986) (Judge Ann Williams applied the rule that the limitations period begins to run from the "last overt act" to an alleged civil RICO continuing conspiracy claim). *See also Wabash Publishing, Co. v. Dermer*, 650 F.Supp. 212 (N.D.Ill.1986) (Judge Ilana Diamond Rovner compares an alleged continuing conspiracy RICO claim to a continuing conspiracy antitrust claim. Based on this comparison, she adopts the rule used in antitrust cases that each act which injures plaintiff, including

---

**1.** Judge William Hart appears to favor application of the so-called "discovery rule" in civil RICO cases. *See Electronic Relays (India) Pvt., Ltd. v. Pascente*, 610 F.Supp. 648 (N.D.Ill.1985). In *Pascente*, Judge Hart stated, without discussion, that the "normal rules of accrual apply," i.e., the "limitations period for RICO claims begins to run when the plaintiff knows or has reason to know of the injury." *Id.* at 653 (quoting *Compton v. Ide*, 732 F.2d 1429, 1433 (9th Cir.1984)). *See also Bowling v. Founder Title Co.*, 773 F.2d 1175 (11th Cir.1985), *cert. denied*, —— U.S. ——, 106 S.Ct. 1516, 89 L.Ed. 915 (1986) (relying on *Compton*).

In *Compton*, the Ninth Circuit bases its decision upon the fact that RICO's "civil remedy provisions focus upon injury as opposed to existence of conspiracy." 732 F.2d at 1433. The court provided that this fact "suggests that the normal federal rule on accrual should apply to civil RICO actions alleging conspiracy." *Id.* With all due respect, it seems that the decision in *Compton*, upon which Judge Hart relies, confuses the injurious RICO violation, a pattern of illegal conduct, with its civil remedy. It is the nature of this prolonged, continuing offense which is the primary determinant of plaintiff's injury and which should govern initiation of the statute of limitations. Moreover, this finding was not essential to Judge Hart's holding in *Pascente* that a two-year statute of limitations period applies in civil RICO actions.

Although Judge Milton Shadur purports to disagree with the "last act" rule for determining when a RICO cause of action accrues, the test he suggests in its place is in practice only a variation of the same. *See HGN Corp. v. Chamberlain*, 642 F.Supp. 1443 (N.D.Ill.1986). Judge Shadur provides that "when someone is a target of a continuing conspiracy ... its cause of action is triggered ("accrues") when it sustains harm—when it has been damaged." *Id.* at 1451–52 (quoting *Ohio-Sealy Mattress Mfg. Co. v. Sealy, Inc.*, 669 F.2d 490, 494 (7th Cir.), *cert. denied*, 459 U.S. 943, 103 S.Ct. 257, 74 L.Ed.2d 201 (1980)). *Ohio-Sealy*, upon which Judge Shadur relies, is an antitrust continuing violation case which follows the general rule for antitrust claims that each act which injures plaintiff, including the last act, causes the limitations period to run anew. Under this rule, plaintiff's claim was still timely filed, however, plaintiff could only recover for damages arising from acts which occurred within two years of the filing date. This Court does not agree with that result. As previously discussed, it is the continuing nature of the violation that is the very essence of a RICO claim. Thus, plaintiff should be permitted to recover for all of the damages flowing from defendants' continuing RICO violation.

the *last act*, causes the limitations period to begin to run anew).

Civil RICO was designed to protect those who have been harmed by a pattern of illegal conduct. The Supreme Court has emphasized the need for continuity plus relationship in determining the existence of a pattern of racketeering activity. *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 105 S.Ct. 3275, 87 L.Ed. 346 (1985). Once the pattern is established, the plaintiff may recover for the harm caused by predicate acts sufficiently related to constitute a pattern.

■ Of necessity, each predicate act brings some harm to a plaintiff, whether directly or as part of a course of conduct. Given the nature of the federal interest in providing relief to those who are injured by a course of continual and related conduct, it would be incongruous to bar, on statute of limitations grounds, recovery for predicate acts taking place outside the limitations period and permitting recovery only for those within the limitations period. The principles of conspiracy law ought clearly to apply, and so long as any of the predicate acts occur within the limitations period, a defendant should have to answer for all of his related and continual acts of harm.

This result will also help in addressing the concern expressed by Judge Ripple in his dissent to the majority holding that a two-year period is the appropriate statute of limitations in civil RICO cases in the case of *Tellis v. United States Fidelity Company*, et al., 805 F.2d 741, 747 (7th Cir.1986). In arguing for a five-year limitations period, Judge Ripple was concerned that a putative plaintiff have ample opportunity to file a complaint which intelligently describes the precise nature and extent of his injuries. While today's holding is not directly responsive to Judge Ripple's anxiety, it is at least a step in assuaging that concern.

■ Applying the "last overt act" rule to the instant proceeding, the Court finds that defendants' last act occurred sometime in 1982 when the Cook County Treasurer's Office mailed fraudulently obtained property tax assessment reductions to Robert Berger's clients. Defendant contends that these mailings merely constitute a "continuing injury," and therefore, are not acts in furtherance of a continuing conspiracy. The Court, however, has already held that these mailings were "part of the scheme" to defraud Cook County and its citizens. Accordingly, the Court finds that plaintiff's complaint was timely filed on May 17, 1983, and thus the Court properly dismissed defendants' motion for judgment on the pleadings.[2]

## II. Interlocutory Appeal

■ Under 28 U.S.C. § 1292(b), an order not otherwise appealable may be made provisionally appealable if the district court judge finds that the "order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." The Court finds that defendants have failed to satisfy the requirements of § 1292(b).[3] Accordingly, defendants' motion to certify for immediate appeal is denied.

2. Even if the Court were to adopt the "discovery rule," it would still find that defendants' motion for judgment on the pleadings was properly denied. The plaintiff contends that it did not know of defendants' alleged involvement in the conspiracy until the grand jury indicted Robert Berger in September 1982. Moreover, the question of when plaintiff "should have known" of defendants' alleged involvement raises factual questions which go beyond the allegations in the complaint. The Seventh Circuit opined that "in many, if not most, cases, the time at which an injured party knows or reasonably should have known of his injury, and that it was wrongfully caused, will be a disputed question to be resolved by the finder of fact." *Curry v. A.H. Robbin Co.*, 775 F.2d 212, 217 (7th Cir. 1985) (citations omitted). Thus, even under the rule urged upon this Court by defendants, the motion was properly denied.

3. Defendants did not address this issue at all in its briefs. In fact, defendants' only mention of the interlocutory appeal is in their conclusory allegations in paragraphs 6–8 of their motion.