STATE of Utah, Plaintiff and Respondent,

v.

L. Brent FLETCHER, Defendant and Appellant.

No. 860358–CA.

Court of Appeals of Utah.

March 9, 1988.

---

Sumner J. Hatch, Salt Lake City, for defendant and appellant.

David L. Wilkinson, State Atty. Gen., Stephen J. Sorenson, Chief, Ligitation Div., Stanley H. Olsen, David J. Schwendiman, Robert N. Parrish, Asst. Attys. Gen., for plaintiff and respondent.

Before BENCH, DAVIDSON and ORME, JJ.

## OPINION

BENCH, Judge:

Defendant L. Brent Fletcher appeals from his convictions on seven counts of bribery, one count of antitrust violation, and two counts of racketeering. This appeal was initially filed with the Utah Supreme Court and was transferred to this Court pursuant to R. Utah S.Ct. 4A. We affirm defendant's convictions.

In the companion case, *State v. Thompson*, 751 P.2d 805 (Utah App.1988), this Court disposed of defendant's first two issues on appeal, namely 1) the admissibility of evidence obtained pursuant to Utah Code Ann. §§ 77–22–1 through –3 (1982), and 2) the sufficiency of the evidence to allow multiple counts of bribery to go to the jury. Therefore, we address only defendant's third issue on appeal: whether the Utah Racketeering Influences and Criminal Enterprise Act (the RICE Act), Utah Code Ann. §§ 76–10–1601 through –1608 (1981), was unconstitutionally applied ex post facto to defendant.

When this case was tried, section 76–10–1603(1) provided:

It shall be unlawful for any person who has received any proceeds derived, whether directly or indirectly, from a pattern of racketeering activity in which such person has participated, as a principal, to use or invest, directly or indirectly, any part of such proceeds, or the proceeds derived from the investment or use thereof, in the acquisition of any interest in, or the establishment or operation of, any enterprise.

A "pattern of racketeering activity" was defined in section 76–10–1602(4) as:

engaging in at least two episodes of racketeering conduct which have the same or similar objectives, results, participants, victims, or methods of commission, or are otherwise interrelated by distinguishing characteristics and are not isolated events, provided at least one of such episodes occurred after the effective date of this part and the last of which occurred within five years after the commission of a prior episode of racketeering conduct.

Bribery was an act of racketeering under section 76–10–1602(1)(h). Defendant was charged with one episode of racketeering activity occurring in 1983. He was convicted of seven counts of bribery, in violation of Utah Code Ann. § 76–6–508(1)(b) (1978), occurring between February 28 and May 27, 1983. Defendant was charged with another episode of racketeering activity occurring between January 11 and May 15, 1979. Count 11 of the second amended information alleged defendant participated in eight other acts of bribery during this earlier period. All acts alleged in count 11 occurred more than two years prior to enactment of the RICE Act on July 1, 1981. Therefore, defendant argues the RICE Act is an unconstitutional ex post facto law. He also argues prosecution of the 1979 bribes was barred by the misdemeanor statute of limitations.

The United States Supreme Court has defined an ex post facto law as one "that makes an action done before the passing of the law, and which was *innocent* when done, criminal; and punishes such action...." *Bouie v. City of Columbia*, 378 U.S. 347, 353, 84 S.Ct. 1697, 1702, 12 L.Ed.

2d 894 (1964) (quoting *Calder v. Bull,* 3 U.S. (3 Dall.) 386, 390, 1 L.Ed. 648 (1798) (emphasis in original). Defendant's 1979 conduct was not innocent when done nor is he being punished for said conduct. The Utah Supreme Court recently held "[a]cts constituting racketeering ... do not need to be charged or indicted...." *State v. McGrath,* 749 P.2d 631, 635 (Utah 1988). The statute of limitations is not at issue since defendant was not charged, prosecuted, or convicted for the 1979 alleged bribes.

An argument similar to defendant's has been made before the federal courts in connection with the federal Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961 through 1968 (1984) (the RICO Act). Section 1961(5), similar to section 76–10–1602(4), "requires at least two acts of racketeering activity, one of which occurred after the effective date of this chapter and the last of which occurred within ten years ... after the commission of a prior act of racketeering activity."

In *United States v. Brown,* 555 F.2d 407 (5th Cir.1977), *cert. denied,* 435 U.S. 904, 98 S.Ct. 1448, 55 L.Ed.2d 494 (1978), the court held:

> It was obviously in an effort to avoid the ex post facto problem that Congress, in defining "pattern of racketeering activity," required that at least one illegal act occur after the effective date of the Act. This feature has quite properly been held to save the statute from running afoul of the ex post facto clause.

*Id.* at 417 (footnote omitted). In *United States v. Field,* 432 F.Supp. 55 (S.D.N.Y. 1977), *aff'd,* 578 F.2d 1371 (2d Cir.1978), *cert. dismissed,* 439 U.S. 801, 99 S.Ct. 43, 58 L.Ed.2d 94 (1978), the court held:

> [The RICO Act] creates a separate and distinct crime, comprised of the commission of at least two previously defined illegal acts, which is not complete until the second act is done. Because by the terms of § 1961(5) the later act must occur after October 15, 1970, the offense itself is incapable of completion prior to that time. One who has committed acts of racketeering activity prior to that date

is on notice that the commission of a further such act within the prohibition of the Statute will subject him to liability for a new offense. He thus has "the notice necessary to conform his actions to the new requirement of the law." This is all that the *ex post facto* clause requires.

*Id.* at 59 (quoting *United States v. DeStefano,* 429 F.2d 344, 347 (2d Cir.1970), *cert. denied,* 402 U.S. 972, 91 S.Ct. 1656, 29 L.Ed.2d 136 (1971). *See also United States v. Campanale,* 518 F.2d 352 (9th Cir.1975), *cert. denied,* 423 U.S. 1050, 96 S.Ct. 777, 46 L.Ed.2d 638 (1976).

We adopt the reasoning of the federal courts and hold the RICE Act is not an unconstitutional ex post facto law.

Defendant's convictions on all counts are affirmed.

DAVIDSON, J., concurs.

ORME, Judge (concurring):

As I read defendant Fletcher's brief, he takes issue with the "Mini–Grand Jury Act," the number of bribery counts properly submitted to the jury, and whether the RICE statute was constitutionally applied to him. I fully concur in the majority's resolution of those issues.

Although Fletcher requests that his antitrust conviction be reversed, he does not directly assail that conviction as defendants in the companion case have done, but appears to base that request exclusively on his hoped-for success on the "Mini–Grand Jury" argument. That argument was unsuccessful and I see in his brief no alternative basis for his request that his antitrust conviction be reversed. It is for this procedural reason, and not because I see the antitrust issues any differently in this case, that I find it appropriate to affirm Fletcher's convictions *in toto* even though I would reverse the antitrust convictions in the companion case.