**NSC INTERNATIONAL CORPORATION,**
**Plaintiff,**

v.

**Addison Hayes RYAN, Defendant.**

**No. 80 C 6305.**

United States District Court,
N. D. Illinois, E. D.

Dec. 17, 1981.

P. Scott Polisky, C. D. Kasson, Burditt & Calkins, Chicago, Ill., for plaintiff.

Daniel C. Meenan, Jr., Feiwell, Galper & Lasky, Ltd., Chicago, Ill., for defendant.

## MEMORANDUM OPINION

MARSHALL, District Judge.

Plaintiff filed the instant action seeking treble damages under 18 U.S.C. § 1964(c) (1976). That statute creates a civil remedy for persons injured by violations of the Racketeer Influenced and Corrupt Organization (RICO) statute, 18 U.S.C. § 1962 (1976). Section 1964(c) provides:

> Any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States District Court and shall recover threefold the damages he sustains and the cost of the

---

suit, including a reasonable attorney's fee.

Defendant has moved to strike plaintiff's timely jury demand on the ground that actions under § 1964(c) are equitable in nature and therefore give rise to no right to a jury trial. In order to rule on the motion, this court must resolve the question of whether the seventh amendment grants the right to a jury trial in actions under § 1964(c). This issue apparently has never been decided in any reported decision.

■ The seventh amendment states, "In Suits at common law, where the value in controversy exceeds twenty dollars, the right to trial by jury shall be preserved ...." The Supreme Court has held that the amendment applies not only to actions at common law which existed when the amendment was adopted in 1791, but also to legal rights subsequently created by statute. "The Seventh Amendment does apply to actions enforcing statutory rights, and requires a jury trial on demand, if the statute creates legal rights and remedies, enforceable in an action for damages in the ordinary courts of law." *Curtis v. Loether,* 415 U.S. 189, 194, 94 S.Ct. 1005, 1008, 39 L.Ed.2d 260 (1974). Thus, we must determine if § 1964(c) creates "legal rights and remedies.

■ The test to be used in this case is whether the closest historical analogy to the rights created by § 1964(c) was a legal or an equitable action. *See Pernell v. Southall Realty,* 416 U.S. 363, 374–80, 94 S.Ct. 1723, 1729–32, 40 L.Ed.2d 198 (1974); *Ross v. Bernhard,* 396 U.S. 531, 534 n.1, 90 S.Ct. 733, 735 n.1, 24 L.Ed.2d 729 (1970) (Stewart, J., dissenting); *Patzig v. O'Neil,* 577 F.2d 841, 848 (3d Cir. 1978); 9 C. Wright & A. Miller, Federal Practice and Procedure § 2302 (1971). In this case, the closest analogy is to an action in tort. RICO prohibits persons engaged in racketeering ac-

tivity from acquiring an interest in any enterprise engaged in interstate commerce, *see* 18 U.S.C. § 1962(a), (b) (1976), and prohibits persons associated with such enterprises from engaging in racketeering activity, *see* 18 *id.* § 1962(c). Congress enacted RICO in order to halt the pernicious infiltration of organized crime into business enterprises. *See* House Rep. No. 92–1549, 91st Cong., 2d Sess. 57 (1970); Sen.Rep. No. 91–617, 91st Cong., 1st Sess. 76 (1969); *United States v. Turkette,* 452 U.S. 576, 591, 101 S.Ct. 2524, 2532, 69 L.Ed.2d 246 (1981) ("[T]he legislative history forcefully supports the view that the major purpose of [RICO] is to address the infiltration of legitimate business by organized crime."). This most closely resembles an action for tortious interference with economic relations, a tort which was recognized at common law. *See* W. Prosser, Handbook of the Law of Torts §§ 128–30 (4th ed. 1971). Actions sounding in tort were considered legal and therefore tried to juries at common law. *Curtis v. Loether,* 415 U.S. at 195, 94 S.Ct. at 1009. Thus, the historical test indicates that actions under § 1964(c) are legal, and must be tried to a jury.

This conclusion is reinforced by the type of relief that the statute authorizes. Section 1964(c) provides for money damages for injuries to business or property. Monetary damages for injury to property have traditionally been considered a legal remedy for purposes of the seventh amendment. *See id.* at 196, 94 S.Ct. at 1009. Finally, the statutory language provides no indication that the relief sought is equitable, which is yet another factor indicating that the seventh amendment applies to the statute. *See Lorillard v. Pons,* 434 U.S. 575, 584, 98 S.Ct. 866, 872, 55 L.Ed.2d 40 (1978); *Curtis v. Loether,* 415 U.S. at 196–97, 94 S.Ct. at 1009–10. To the contrary, the statute strongly suggests that § 1964(c) provides for legal relief, since it follows § 1964(a), which authorizes only equitable relief.[1]

---

1. "The district courts of the United States shall have jurisdiction to prevent and restrain violations of section 1962 of this chapter by issuing appropriate orders ...." 18 U.S.C. § 1964(a) (1976).

The juxtaposition of subsections (a) and (c) implies that Congress intended to create legal and equitable actions, putting each into a different subsection.[2] Any remaining doubt is resolved by the strong federal policy favoring jury trials in civil cases. *See Byrd v. Blue Ridge Rural Electrical Cooperative*, 356 U.S. 525, 538–39, 78 S.Ct. 893, 901, 2 L.Ed.2d 1375 (1958).

Defendant relies exclusively on one sentence from *United States v. Capetto*, 502 F.2d 1351, 1357 (7th Cir. 1974), in which the court stated, "Section 1964 provides for a civil action in which only equitable relief can be granted." *Id.* at 1357. Defendant ignores the context in which this statement was made. In *Capetto*, plaintiff sought no money damages. The complaint sought only injunctive relief under § 1964(a). Thus, the court's statement applied only to subsection (a), and not the subsection involved in the instant action. Moreover, this statement from *Capetto* was not addressed to the question at hand, but rather to the question of whether § 1964 was essentially a criminal statute entitling defendants to the array of constitutional rights afforded defendants in criminal proceedings.

The motion to strike plaintiff's jury demand is denied. This case will be tried to a jury.

---

**2.** In fact, the statutory structure contains such a strong inference that subsection (c) was intended to provide for legal and not equitable relief that a jury right might be found under the statute alone, without resort to the seventh amendment. However, since the constitutional question is so clear, there is no need to resolve this more difficult statutory question. *See Curtis v. Loether*, 415 U.S. at 192 & n.6, 94 S.Ct. at 1007 & n.6.