**VICTORIA OIL CO., Plaintiff,**

v.

**LANCASTER CORPORATION, A Wyoming corporation; and Maurice W. Brown, Defendants.**

**Civ. A. No. 83–C–700.**

United States District Court,
D. Colorado.

June 25, 1984.

Richard K. Rufner, Wagner & Waller, Englewood, Colo., for plaintiff.

John McDermott, John Evans, James Nesland, Ireland, Stapleton, Pryor & Pascoe, P.C., James M. Lyons, Brent Cohen, David Bate, Rothgerber, Appel & Powers, P.C., Denver, Colo., Jack Speight, Hathaway, Speight & Kunz, Cheyenne, Wyo., for defendants.

## MEMORANDUM OPINION AND ORDER

CARRIGAN, District Judge.

This case arises from a federal oil and gas lottery. Plaintiff Victoria Oil Co. ("Victoria Oil") is the assignee of an unsuccessful participant in the lottery. Defendants Lancaster Corporation and Maurice W. Brown are successors· in interest of Delores E. Hendrickson, receiving from her the oil and gas lease she obtained through the lottery. Victoria Oil claims that the defendants improperly acquired their interests. It contends that the defendants' conduct violated the Racketeer Influenced and Corrupt Organizations Act ("RICO") and the Sherman Act, and also constituted fraud and a conspiracy to defraud under state law.

Defendant Brown moves to dismiss or transfer for lack of venue. Both defendants also move to dismiss or for summary judgment. The parties have briefed these motions thoroughly, and oral argument would not materially assist in deciding them.

■ Defendant Brown's motions to dismiss or transfer for lack of venue are denied. Since the disputed oil and gas interests are located in Colorado, and since the federal lottery took place in Colorado, it

appears that the claims arose in Colorado and that venue is proper in this district.

Defendants' motions to dismiss or for summary judgment challenge Victoria's claims on several grounds. In deciding the motions, I will discuss only the statute of limitations issues.

Defendants argue that both the RICO and antitrust claims are barred by the applicable statutes of limitations, and that these claims must be dismissed. The parties agree that the state law claims are pleaded as pendent claims, and the defendants contend that these claims also should be dismissed, for lack of jurisdiction, if the two federal statutory claims are dismissed.

■ An antitrust claim under the Sherman Act must be brought within four years from the date the claim accrued. *See* 15 U.S.C. § 15b. Since Victoria Oil's predecessor was injured, if at all, either when the lottery drawing was held in September 1978, or when the lease issued in October 1978, the four-year limitations period expired, at the latest, in October 1982. The plaintiff filed this suit on April 22, 1983, approximately six months later. Its antitrust claim, therefore, is barred and must be dismissed.

■ Congress has not provided a statute of limitations for civil RICO claims alleged under 18 U.S.C. § 1964(c), and the courts have looked to the most analogous state statutes of limitations in determining whether a particular RICO claim has been timely filed. In *State Farm Fire and Casualty Co. v. Estate of Caton*, 540 F.Supp. 673 (N.D.Ind.1982), the court applied to a RICO claim the Indiana fraud statute of limitations. In *Noland v. Gurley*, 566 F.Supp. 210, 216 (D.Colo.1983), Judge Kane similarly applied the Colorado fraud statute of limitations.

This case is different from *Gurley*. *Gurley* was a fairly typical securities fraud case except for the RICO claim, while the defendants' alleged misconduct here is somewhat unusual, arising as it does from a public oil and gas lottery. In addition, the Tenth Circuit recently has spoken en

banc about the analysis to be used in applying state limitations statutes to federal statutory claims. *See Garcia v. Wilson*, 731 F.2d 640 (10th Cir.1984). In *Garcia*, the Court of Appeals declared that 42 U.S.C. § 1983 claims should be characterized uniformly for limitations purposes, and that trial courts should not look to the specific facts of each case in choosing what limitation rule to apply. Section 1983 is a remedial statute that can be applied to a broad range of conduct. For reasons cogently stated in *Garcia*, the Tenth Circuit concluded that § 1983 claims should not be subject to varying statutes within a particular state because of mere factual distinctions.

Civil RICO claims are also remedial in nature, and they present the same potential for factual variety as do § 1983 cases. Once the predicate elements of RICO liability are established, the actionable conduct under 18 U.S.C. § 1964(c) may take a variety of forms so long as there is an injury to the plaintiff's business or property. Thus, the Tenth Circuit's reasoning in *Garcia* appears to apply to RICO claims as well.

Unlike the constitutional rights protected by § 1983 and discussed in *Garcia*, however, the rights protected (and perhaps created) by RICO are not easily characterized. Because a RICO claimant must prove "racketeering" activity as part of its claim, RICO could be regarded as an attempt to provide a civil remedy to victims of a newly-defined sort of economic crime. On the other hand, if the actual injury becomes the focus of the characterization, RICO claims could be treated as a special class of property damage or economic damage claims.

The search for a precise definition may be futile, however, since Colorado's statutes of limitations retain the language of common law forms of action. In *McKay v. Hammock*, 730 F.2d 1367 (10th Cir.1984) the Tenth Circuit encountered this difficulty in applying the rule articulated in *Garcia* to Colorado law. Following *Garcia* and *McKay*, then, I must determine what common law pigeon-hole would most nearly fit a RICO claim.

Whether RICO is regarded as a right and remedy created entirely by statute, or as a remedy for injury to property, none of the more specific Colorado statutes of limitations seems to cover it. No Colorado limitations statute appears to have been drafted in accordance with the sort of classification system that *Garcia* envisions. In *McKay*, the Tenth Circuit held that the Colorado residuary statute of limitations, C.R.S. § 13–80–108(1)(b) (1973), applied to § 1983 claims because no other Colorado statute seemed appropriate. I conclude similarly that § 13–80–108(1)(b) applies to civil RICO claims. As a result, subject to the usual exceptions, civil RICO claims in Colorado are barred three years from the time of the act giving rise to the claim.

■ As already mentioned, the injury to Victoria Oil's predecessor occurred, if at all, in October 1978 at the latest. The three-year limitations period for Victoria Oil's RICO claim expired, at the latest, in October 1981, approximately eighteen months before this suit was filed. Thus its RICO claim is also barred by the applicable statute of limitations.

■ Since both claims under federal law are time-barred, there is no basis for pendent jurisdiction over the remaining state law claims, and the case must be dismissed in its entirety.

Accordingly,

IT IS ORDERED that the plaintiff's first and fourth claims are dismissed, with prejudice, and its second and third claims are dismissed, without prejudice.