**ELECTRONIC RELAYS (INDIA) PVT. LTD., Plaintiff,**

v.

**Joseph E. PASCENTE, et al., Defendants.**

**GANJAM MOKSHAGUNDAM DEVICES PVT. LTD., Plaintiff,**

v.

**Joseph E. PASCENTE, et al., Defendants.**

**Nos. 84 C 6128, 84 C 6129.**

United States District Court, N.D. Illinois, E.D.

May 21, 1985.
On Reconsideration June 11, 1985.

John B. Huck, James R. O'Dell, Chapman & Cutler, Chicago, Ill., for plaintiff.

Richard C. Clark, Michael R. Grimm, Clausen, Miller, Gorman, Caffrey & Witous, Michael D. Falls, Falls & Samis, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

WILLIAM T. HART, District Judge.

Defendant Joseph E. Pascente has filed these motions to dismiss against these two consolidated cases. For convenience, the cases, which are numbered 84 C 6128 and 84 C 6129, will be referred to as "6128" and "6129", respectively. Jurisdiction over both cases exists under both 28 U.S.C. §§ 1331 and 1332.

■ Count 2 of 6128 and count 3 of 6129 allege violations of RICO, 18 U.S.C. § 1961 *et seq.* The two counts are indistinguishable for purposes of deciding this motion. Pascente's first argument is that the various mail and wire communications alleged in those counts as predicate acts show on their face that they cannot be used to make out a RICO claim. Apparently copies of each of the communications exist, and although no such copies are attached to the complaint Pascente has attached them to his motion, citing several cases in which courts in other circuits have considered material referenced by but not included in the complaint in deciding a motion to dismiss. See, e.g., *Interstate Natural Gas Co. v. Southern California Gas Co.*, 209 F.2d 380, 384 (9th Cir.1953). In this circuit, however, the rule is that "consideration of a motion to dismiss is limited to the pleadings." *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir.1984), cert. denied, —— U.S. ——, 105 S.Ct. 1758, 84 L.Ed.2d 821 (1985). Even if the rule were otherwise it is obvious that the communications reveal very little on their *face*, thus requiring the parties to make unsupported assertions concerning the facts surrounding the communications. Perhaps the legal effect of those communications could be resolved by summary judgment motion, but this court refuses to bypass summary judgment procedures by addressing the issues on this motion to dismiss.

■ Pascente's next argument is that the RICO counts fail to adequately plead a pattern of racketeering activity because there is no "factual statement similar to a bill of particulars" setting forth the predicate acts. *Bache Halsey Stuart Shields, Inc. v. Tracy Collins Bank and Trust Co.*, 558 F.Supp. 1042, 1046 (D.Utah 1983). As plaintiffs point out, however, (and as Pascente seems to concede by the silence of his reply brief) our appellate court has refused to require such specificity in the pleadings. *Haroco, Inc. v. American National Bank and Trust Co.*, 747 F.2d 384, 404 (7th Cir. 1984), cert. granted, —— U.S. ——, 105 S.Ct. 902, 83 L.Ed.2d 917 (1985).

■ Pascente's final argument is that the RICO counts are barred by the statute of limitations. Where, as with RICO, "Congress has not established a time limitation for a federal cause of action, the settled practice has been to adopt a local time limitation as federal law if it is not inconsistent with federal law or policy to do so." *Wilson v. Garcia*, —— U.S. ——, 105 S.Ct. 1938, 1942, 85 L.Ed.2d 254 (1985). See also *Vallone v. Local Union 705*, 755 F.2d 520, 521 (7th Cir.1984).

*Wilson*, which dealt with a statute (42 U.S.C. § 1983) very similar to RICO for purposes of this issue, sets forth the steps to follow in deciding what statute of limitations should govern a federal cause of action that contains no limitation period. See 105 S.Ct. 1943. First, the court must determine whether one limitations period should apply to all RICO actions or whether different periods should apply depending on the particular facts of the case. Second, the court must characterize the RICO action before it (or RICO actions generally, depending on the answer to the first question), or to put it another way, the court must analogize RICO to a state cause of action. Third, the court must determine what state limitations period applies to the kind of action the court has found RICO to be. Finally, the court must determine whether that period is inconsistent with the policies of RICO, and if so what limitations

period better serves those policies. (On that last point see also *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983)).

In *Wilson*, the Court determined that actions under 42 U.S.C. § 1983 should be given one characterization so that at least in a given state all § 1983 actions would be governed by one limitations period. 105 S.Ct. at 1947. Otherwise, the Court noted, choosing a statute of limitations would become a source of "uncertainty, and unproductive and ever increasing litigation" that would reduce the effectiveness of § 1983 by dissipating scarce resources over "useless litigation on collateral matters" (id.) and work injustice on both sides (id. at n. 34). See also *Beard v. Robinson*, 563 F.2d 331, 337 (7th Cir.1977), cert. denied, 438 U.S. 907, 98 S.Ct. 3125, 57 L.Ed.2d 1149 (1978) (voicing similar concerns). These concerns are just as strong in a civil RICO case. As with § 1983, RICO actions can be brought on a great variety of facts, so that in many cases the lawyers will be able to argue that 2 or more limitations periods apply. Also as with § 1983, different limitations periods could be applied to actions with different facts in the same state, and sometimes even in the same case.[1] Therefore, this court concludes that one characterization must be adopted for all RICO actions in this state.

Choosing the proper characterization for civil RICO claims is a matter of federal law. 105 S.Ct. at 1944 and n.19. That characterization is "derived from the elements of the cause of action, and Congress' purpose in providing it." Id. at 1943. Characterizations of RICO by courts searching for a statute of limitations vary. The first court to consider this issue appar-

ently analogized RICO to the antitrust laws and therefore applied the 1-year period applicable to antitrust claims in Louisiana. *Ingram Corp. v. J. Ray McDermott & Co.*, 495 F.Supp. 1321, 1324 n.4 (E.D.La.1980). Another court suggested that the 5-year period for the forum state's own version of RICO should govern, *Delta Coal Program v. Libman*, 554 F.Supp. 684, 690 n. 2 (N.D. Ga.1982), aff'd on other grounds, 743 F.2d 852 (11th Cir.1984). The other courts that have applied one limitations period to all RICO actions have applied some sort of catch-all statute. See *Durante Bros. & Sons, Inc. v. Flushing Nat. Bank*, 755 F.2d 239, 248–49 (2d Cir.1985) (finding that RICO has no state-law analog, court applies New York's 3-year limit on actions to enforce a liability created by statute); *Compton v. Ide*, 732 F.2d 1429, 1433 (9th Cir.1984) (California's 3-year period for actions based on statute); *Victoria Oil Co. v. Lancaster Corp.*, 587 F.Supp. 429, 431–32 (D.Col.1984) (Colorado's 3-year period for all actions not otherwise provided for); *Seawell v. Miller Brewing Co.*, 576 F.Supp. 424, 427 (M.D.N.C.1983) (North Carolina's 3-year period for claims based on either a federal or state statute). The remaining decisions have characterized a RICO action according to the particular facts pleaded as predicate acts. *Steven Operating, Inc. v. Home State Savings*, 105 F.R.D. 7, 11 (S.D. Ohio 1984) (Ohio's 4-year period for common-law fraud); *Burns v. Erserk*, 591 F.Supp. 837, 843–44 (D.Minn.1984) (3-year period for securities fraud); *Clute v. Davenport Co.*, 584 F.Supp. 1562, 1577 (D.Conn.1984) (Connecticut's 2-year period for securities actions); *D'Iorio v. Adonizio*, 554 F.Supp. 222, 232 (M.D.Pa.1982) (Pennsylvania's 6-year period for common-law fraud); *State Farm Fire and Casualty*

---

**1.** So far, courts faced with predicate acts that allow two characterizations and hence simultaneous application of different limitations periods have avoided that result by choosing one characterization over the other. Compare *Burns v. Erserk*, 591 F.Supp. 837, 843–44 (D.Minn.1984), where the 3-year period for securities fraud was applied rather than the 6-year period for common law fraud because most of the allegations had to do with securities fraud

and only one paragraph alleged mail fraud, with *Eisenberg v. Gagnon*, 564 F.Supp. 1347, 1354 (E.D.Penn.1983), where the 6-year period for common-law fraud was applied rather than the 3-year period for securities fraud since the mail and wire fraud allegations were sufficient to sustain the RICO count and because the court thought that was more in line with Congress's statement that RICO is to be "liberally construed to effectuate its remedial purposes."

Co. v. Estate of Caton, 540 F.Supp. 673, 684–85 (N.D.Ind.1982) (Indiana's 6-year period for common-law fraud); Gilbert v. Bagley, Fed.Sec.L.Rep. (CCH) par. 99,483 (N.D.N.C. Sept. 17, 1982) (North Carolina's 2-year period for securities fraud); Willcutts v. Jefferson Trust and Savings Bank of Peoria, No. 74–329 (C.D.Ill. April 21, 1982) (Illinois's 5-year period for common-law fraud).

In Wilson, the Court determined that at the time § 1983 was passed Congress's concern was with "the campaign of violence and deception in the South, fomented by the Ku Klux Klan, which was denying decent citizens their civil and political rights." Id. 105 S.Ct. at 1947. Recognizing that § 1983 was applicable to a broad range of harms, the Court nonetheless concluded that because § 1983 was designed to protect personal rights, Congress would have considered the closest analogy to be a personal injury action. Id. at 1948.

In analyzing RICO, "the legislative history forcefully supports the view that the major purpose of [RICO] is to address the infiltration of legitimate business by organized crime." United States v. Turkette, 452 U.S. 576, 591, 101 S.Ct. 2524, 2532, 69 L.Ed.2d 246 (1981). The main mechanism for achieving that end was to be the criminal provisions of RICO. Indeed, the civil provisions of RICO went virtually undiscussed and seemingly unnoticed by Congress. Sedima, S.P.R.L. v. Imrex Co., 741 F.2d 482, 488–92 (2d Cir.1984), cert. granted, — U.S. —, 105 S.Ct. 901, 83 L.Ed.2d 917 (1985). The only comment revealing Congress's intent in adding the civil provisions to RICO was made by Congressman Poff, who stated that

> at the suggestion of the gentleman from Arizona (Mr. Steiger) and also the American Bar Association and others, the committee has provided that private persons injured by reason of a violation of the title may recover treble damages in Federal courts—another example of the antitrust remedy being adapted for use against organized criminality.

116 Cong.Rec. 35295 (1970). That comment suggests that Congress viewed the treble damages provision as civil RICO's most distinctive feature. That suggestion is certainly consistent with the nature of RICO. In most, if not all, RICO cases there exist state-law remedies for the same conduct that forms the basis of the RICO count. RICO's attractiveness, what sets it apart from the other available legal theories, is not the wrong but the remedy. Thus, to the extent Congress had any intent in adding the civil provisions to RICO, Congress intended the treble damages provision to provide the incentive necessary to cause private citizens to assist the government in eradicating organized crime. Therefore, this court concludes that for purposes of choosing the proper statute of limitations RICO should be characterized as a treble damages action.

The other possible analogies offered by plaintiffs are not persuasive. Plaintiffs argue that their case is most like a common law fraud action, citing Eisenberg v. Gagnon, 564 F.Supp. 1347, 1354 (E.D.Penn. 1983). However, this court has already decided that only one limitations period should be used for all RICO actions, and it is obvious that the common law fraud analogy falls far short of capturing the multitude of factual bases on which RICO can be based.

Plaintiffs seem to suggest that the 5-year period for criminal RICO, 18 U.S.C. § 3282, should apply to civil RICO also. One commentator has also suggested that solution, Note, Civil RICO: Searching for the Appropriate Statute of Limitations in Actions Under Section 1964(c), 14 Loy. U.Chi.L.J. 765, 793–94 (1983), but the only court to consider a criminal statute of limitations has rejected that approach. D'Iorio v. Adonizio, 554 F.Supp. 222, 232 (M.D.Pa. 1982). This court agrees with D'Iorio. Though civil and criminal RICO are alike in obvious and significant ways, the considerations that go into striking the balance between repose and enforcement are (also obviously) different for criminal and civil actions. For example, criminal prosecutions for violations of the antitrust and

securities laws are governed by the 5-year period of 18 U.S.C. § 3282, *United States v. Portsmouth Paving Co.*, 694 F.2d 312, 324 (4th Cir.1982) (antitrust); *United States v. Jensen*, 608 F.2d 1349, 1355 (10th Cir.1979) (securities), but civil actions under those laws have 4 and 3 year periods, respectively. 15 U.S.C. § 15(b) (4 years for civil antitrust); *Suslick v. Rothschild Securities Corp.*, 741 F.2d 1000, 1004 (7th Cir.1984) (3-year period for securities in Illinois). Moreover, the *Wilson* analysis sanctions adoption of a federal limitations period only when the state analogy conflicts with federal policy. Since this court finds no such conflict (as discussed below) there is no reason to turn to federal law.

Plaintiffs also suggest RICO should be analogized to a common law action for tortious interference with economic relations, citing *NSC International Corp. v. Ryan*, 531 F.Supp. 362, 363 (N.D.Ill.1981). In *Ryan* Judge Marshall had to decide whether civil RICO is an action at law, in which case a plaintiff would have a right to a jury trial, or an action in equity, in which case no such right would exist. Given the context, it is very unlikely that Judge Marshall even considered a treble damages action as a possible analogy, so the case is distinguishable on that ground. Moreover, this court believes that while an action for tortious interference with economic relations is a good analogy, an action for treble damages is even better. As already noted, RICO is much more than a remedy for injured persons—it provides considerable incentive for private citizens to act as private attorneys general and a large and very tangible deterrent for those who might be thinking of violating its provisions. Congress, as the scant legislative history suggests, would surely have considered the treble damages feature if it had picked a limitations period itself, so it would be a mistake not to include that most distinctive feature in the characterization.

For the same reason, this court rejects the 5-year period that applies to actions "to recover damages for an injury done to property, real or personal." Ill.Rev.Stat. ch. 110, § 13-205. While RICO is only available to those who suffer injury to business or property, 18 U.S.C. § 1964(c), and in that sense is analogous to a property damage action, that characterization also ignores the treble damages feature of RICO and hence fails to capture the essence of a civil RICO claim.

Having characterized RICO as an action for treble damages, the next step is to determine what limitations period applies to such an action. In Illinois that period is the 2-year period of Ill.Rev.Stat. ch. 110 § 13-202. *Hoskins Coal & Dock Corp. v. Truax Traer Coal Co.*, 191 F.2d 912, 913 (7th Cir.1951), cert. denied, 342 U.S. 947, 72 S.Ct. 555, 96 L.Ed. 704 (1951); see also *People v. Climatemp, Inc.*, 101 Ill.App.3d 1077, 57 Ill.Dec. 416, 428 N.E.2d 1096 (1st Dist.1981) (holding that treble damages actions are penal in nature).

Finally, this court must consider whether a 2-year limit conflicts with the federal policy underlying RICO. Plaintiffs argue that the only reason Illinois courts would apply the 2-year limit is because they see treble damages as penal, and that conflicts with Congress's statement that RICO "shall be liberally construed to effectuate its remedial purposes." Section 904 of Title IX, Pub.L. 91-452, 84 Stat. 947. See *Steven Operating, Inc. v. Home State Savings*, 105 F.R.D. 7, 11 (S.D.Ohio 1984); *D'Iorio v. Adonizio*, 554 F.Supp. 222, 232 (M.D.Pa.1983); *State Farm Fire and Casualty Co. v. Estate of Caton*, 540 F.Supp. 673, 684–85 (N.D.Ind.1982). However, there is not necessarily a conflict here. Certainly a statute can have a remedial purpose yet contain specific provisions that are punitive in nature. And while Congress's use of the word "remedial" applies equally to the criminal provisions that hardly shows Congress thought a sentence imposed for a violation of those provisions would not be punitive. Moreover, this court has not characterized RICO as penal, but as a treble damages action. Of course this court has looked to state case law to see what limitations period applies since Illinois has no statute of limitations that

explicitly applies to treble damages actions. As it happens, Illinois courts view treble damages as penal and that is why they apply the 2-year period of § 13–202. But the question here is not whether the state's *reasons* for choosing 2 years are consistent with Congress's intent; it is whether the 2-year period itself is consistent with that intent. (Usually, of course, a federal court does not know the reasons why a particular time period was chosen, and no court has ever suggested state legislative history should be consulted to see if those reasons are ones Congress would approve.) Knowing the state's reasons for choosing the time period may justify extra care in determining whether that period conflicts with federal policy, but it does not answer that question.

Two years is indeed shorter than the 5 years that would apply to plaintiffs' proposed analogies. However, to paraphrase the Supreme Court, it does not follow that because five years is long enough, 2 years is too short. *Del Costello v. International Brotherhood of Teamsters*, 462 U.S. 151, 166, 103 S.Ct. 2281, 2291, 76 L.Ed.2d 476 (1983) ("it does not follow that because six years is too long, 90 days is long enough"). This court sees no conflict between a 2-year statute of limitations and the policies underlying RICO. No one suggests here that RICO plaintiffs are like the employee plaintiffs in *Del Costello* in needing extra time to bring suit because of a lack of sophistication. 462 U.S. at 165–66, 103 S.Ct. at 2291. Nor is it suggested that extra time is needed because Congress requires any special prerequisites to bringing suit, as in *Occidental Life Ins. Co. v. EEOC*, 432 U.S. 355, 367–69, 97 S.Ct. 2447, 2454–56, 53 L.Ed.2d 402 (1977) (holding that state statutes of limitation do not govern an EEOC enforcement action). Finally, it is worth noting the period approved in *Wilson* was 3 years and the Court knew that its affirmance of personal injury as the proper characterization of § 1983 would result in statutes of limitation as short as 2 years. 105 S.Ct. at 1941 and n.10 (noting that after adopting the approach affirmed in *Wilson* the 10th Circuit had chosen a 2-year period

for actions brought in Kansas). Clearly the Court did not consider those periods too short even though § 1983, like RICO, is interpreted very broadly and has important remedial purposes. Id. at 1945 (noting that § 1983 is accorded "a sweep as broad as its language," quoting *United States v. Price*, 383 U.S. 787, 801, 86 S.Ct. 1152, 1160, 16 L.Ed.2d 267 (1966)).

A violation of RICO involves a very serious injury; a kind of injury that cannot go unnoticed by the victim, at least not for long. Two years is certainly long enough to realize one has been injured by a RICO violation and to bring suit. And the normal rules on accrual and tolling should ensure that no diligent RICO plaintiff will find his claim time-barred. See *Compton v. Ide*, 732 F.2d 1429, 1433 (9th Cir.1984) (limitations period for RICO claim begins to run "when the plaintiff knows or has reason to know of the injury which is the basis for his action"); *Suslick v. Rothschild Securities Corp.*, 741 F.2d 1000, 1004 (7th Cir.1984) ("equitable tolling doctrine is read into every federal statute of limitations including state statutes adopted by federal law," citing *Sperry v. Barggren*, 523 F.2d 708, 710 (7th Cir.1975)); *Clute v. Davenport Co.*, 584 F.Supp. 1562, 1577 (D.Conn.1984) (applying accrual and tolling doctrines to RICO). Therefore, this court concludes that 2 years is the applicable statute of limitations for civil RICO. In doing so, this court joins Judge Kocoras, who has also chosen the 2-year period of § 13–202 as the correct period. See *Traylor v. Central States, South East and Southwest Areas Pension Fund*, Nos. 83 C 2206 and 83 C 6283, slip op. at 5–6 (N.D.Ill. Nov. 6, 1984) (citing his earlier oral ruling in *Caldarone v. Brown*, No. 80 C 6251 (N.D.Ill. Sept. 30, 1983)).

Since plaintiffs' actions were brought over 2 years after they accrued, and plaintiff does not argue that the statute of limitations was tolled, the RICO counts must be dismissed as time-barred.

### State Claims

■ Pascente has also moved to dismiss count 1 of 6129, which alleges that Pas-

cente intentionally interfered with a contract between plaintiff and defendant ERI–Energy, Inc., of which Pascente was president, managing officer and (indirectly through another company) principal shareholder. Pascente's principal argument is that as an officer of ERI–Energy his actions benefit from the rule that "corporate officers who, 'in accordance with their business judgment and discretion,' interfere with their corporations's contractual relations lack the requisite 'malice' and therefore are not liable in tort." *Swager v. Couri*, 77 Ill.2d 173, 184, 32 Ill.Dec. 540, 546, 395 N.E.2d 921, 927 (1979), quoting *Loewenthal Securities Co. v. White Paving Co.*, 351 Ill. 285, 300, 184 N.E. 310 (1932). Apparently that rule does apply here, but that privilege is not absolute. Here, a reasonable inference can be drawn from plaintiff's allegations that Pascente neither acted in the best interest of his corporation when he did the acts complained of nor acted with justification, which would establish the required malice. *George A. Fuller Co. v. Chicago College of Osteopathic Medicine*, 719 F.2d 1326, 1333 (7th Cir.1983). Therefore, the complaint states a cause of action.

Pascente also argues that plaintiff's contract with his corporation was assigned to another corporation before the date that plaintiff alleges as the date of breach. That agreement is attached to the motion to dismiss, so again is matter outside the pleadings. Moreover, there is a dispute (which is partly factual) as to whether the assignment was really intended to assign the entire contract or just portions thereof, so the issue cannot be resolved on a motion to dismiss. Therefore, the motion to dismiss count 1 in 6129 is denied.

### Conclusion

IT IS THEREFORE ORDERED that defendant Joseph Pascente's motions to dismiss count 2 in 84 C 6128 and count 3 in 84 C 6129 are granted and those counts are dismissed. Pascente's motion to dismiss count 1 of 84 C 6129 is denied. Pascente is given 7 days from the date of this order to respond to all outstanding written discovery. This case is set for status hearing and discovery will close on July 17, 1985 at 9:15 a.m.

### ON RECONSIDERATION

Plaintiffs have asked this court to reconsider its holding in the order of 21 May 1985 that the statute of limitations for private RICO actions is the two-year period of Ill.Rev.Stat. ch. 110 § 13–202. Plaintiffs argue that the proper characterization of RICO is as an action created by statute and therefore the proper statute of limitations is the five-year period of Ill.Rev.Stat. ch. 110 § 13–205 which, though it is phrased in terms of "all civil actions not otherwise provided for" has been held to apply to rights of action created by statute. *Blakeslee's Storage Warehouses v. City of Chicago*, 369 Ill. 480, 485, 17 N.E.2d 1 (1938); *Montague v. George J. London Memorial Hospital*, 78 Ill.App.3d 298, 304, 33 Ill.Dec. 565, 569, 396 N.E.2d 1289, 1293 (1st Dist. 1979).

Plaintiffs understandably do not argue that their characterization is a closer analogy than the treble damages characterization this court chose. Instead, plaintiffs argue that their characterization is superior because it results in one uniform period for all RICO actions while this court's choice would apply only to actions seeking treble damages. Plaintiffs point out that 18 U.S.C. § 1964(a) gives district courts jurisdiction to order various sorts of equitable relief, such as divestiture, investment restrictions, dissolution, reorganization, and injunctive relief. Plaintiffs also claim that a suit could be brought under § 1964(c) seeking only single rather than treble damages. Since a suit seeking only equitable relief or single damages is obviously not a treble damages action, plaintiffs argue that this court's choice of the two-year period fails to achieve the uniformity that this court interpreted *Wilson v. Garcia*, —— U.S. ——, 105 S.Ct. 1938, 1947, 85 L.Ed.2d 254 (1985), to require.

An action brought solely under § 1964(a)[2] would be wholly equitable in nature. Equitable actions are simply not subject to a statute of limitations. If an equitable action is regarded as exclusive of rather than concurrent with an action at law, then it is governed not by any statute of limitations but only by the doctrine of laches. *Nemkov v. O'Hare Chicago Corp.*, 592 F.2d 351, 354 (7th Cir.1979); see also *Cannon v. University of Health Sciences/The Chicago Medical School*, 710 F.2d 351, 357–58 (7th Cir.1983). Of course the statute of limitations may provide a guide in deciding the question of laches, *International Telephone & Telegraph Corp. v. General Telephone & Electronics Corp.*, 518 F.2d 913, 926–28 (9th Cir.1975), but the final decision is an equitable one left to the judge's discretion. *Gurgone v. City of Chicago*, 587 F.Supp. 1347, 1352 (N.D.Ill.1984). If, on the other hand, an action under § 1964(a) is regarded as concurrent to an action for damages under § 1964(c) (and, given the wording of § 1964(c), that would apparently always be true for private litigants), then "equity will withhold its remedy if the legal right is barred by the local statute of limitations", *Russell v. Todd*, 309 U.S. 280, 289, 60 S.Ct. 527, 532, 84 L.Ed. 754 (1940), and that is so even if a litigant forbears from requesting the legal relief. *Nemkov*, 592 F.2d at 355; see also *Cannon*, 700 F.2d at 359; *Argus Inc. v. Eastman Kodak Co.*, 552 F.Supp. 589, 599 (S.D.N.Y. 1982). Given these principles, the non-uniformity plaintiffs worry about cannot arise. Either § 1964(a) is not subject to any statute of limitations at all (so that uniformity is impossible), or it stands or falls with the legal action under § 1964(c) (so that uniformity has been achieved).

Plaintiffs' claim that a single damages action could be brought under § 1964(c) and would not be subject to the two-year period applied to treble damages actions is simply not tenable. No rational person would ask for single damages when treble damages can be had, so plaintiffs' scenario will simply not occur.[3] Even if someone did bring a single damages RICO action, that would not change the fact that treble damages is the essence of private RICO. The characterization of a cause of action depends not on how a particular litigant actually uses it but on how Congress intended for it to operate. See *Wilson*, 105 S.Ct. at 1943 (choosing a statute of limitations is, in the final analysis, a question of statutory construction).

Plaintiffs' argument also fails because the reasons given in *Wilson* for adopting a uniform limitations period—avoiding the uncertainty and wasteful litigation that results from trying to choose an analogy based on each case's facts—do not apply here. The actions plaintiffs claim would not be governed by the two-year period of § 13–202 are easily identified and distinguished from treble damages actions simply by perusing the complaint. No litigation would be necessary to decide which limitations period to apply, so neither uncertainty nor waste could result. Therefore, there is no reason to strive for complete uniformity and the more analogous period of Ill.Rev.Stat. ch. 110 § 13–202 remains the best choice.

IT IS THEREFORE ORDERED that on reconsideration this court adheres to the view that plaintiffs' RICO claims are time-barred.

---

**2.** At least two judges in this district have held that private litigants may not sue under § 1964(a). *DeMent v. Abbott Capital Corp.*, 589 F.Supp. 1378, 1384 (N.D.Ill.1984) (Judge Marshall); *Kaushal v. State Bank of India*, 556 F.Supp. 576 (N.D.Ill.1983) (Judge Shadur).

**3.** Perhaps plaintiffs are thinking that a single damages action would be brought by one who had missed the two-year limit but that is not so—a litigant who misses the time limitation has a time-barred RICO claim, not a single damages RICO claim.