**Paul GRASEMANN, et al., Plaintiffs,**

v.

**Martin ROSENFELD, Defendant.**

**No. 86 C 6064.**

United States District Court, N.D. Illinois, E.D.

Aug. 18, 1986.

William Doty, Jr., Russo, Doty & Assoc. Chicago, Ill., for plaintiffs.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Paul Grasemann, Nancy Callendar and PG Chemical Co., Inc. have just filed this action charging Martin Rosenfeld ("Rosenfeld") with violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961–1970.[1] For the reasons stated in this memorandum opinion and order, plaintiffs' Complaint is dismissed sua sponte (but without prejudice).

There are several respects in which plaintiffs' counsel has obviously not read a RICO primer, as this Court consistently urges lawyers to do before they succumb to RICO's triple lure of federal jurisdiction, treble damages and attorneys' fees in choosing a forum to assert fraud claims. This opinion will (without seeking to be exhaustive[2]) identify a few of the problems that emerge from the face of the Complaint.

First, Complaint ¶ 12 says this:

12. That the said MARTIN ROSENFELD conducted the said scheme and artifice to defraud in conjunction with the said FINANCIAL PARTNERS, LTD and ROBERT SERHANT, which constituted a pattern of racketeering activity, heretofore described herein, each being an enterprise engaged in or affecting interstate commerce in violation of 18 U.S.C. Section 1962(c).

"Each" has an indefinite antecedent in the final clause, but on the assumption (most favorable to plaintiffs) that it refers to Financial Partners, Ltd. ("Financial Partners") and Robert Serhant ("Serhant") as the RICO "enterprises," the allegation is insufficient to satisfy Section 1962(c). True, earlier Complaint allegations could be read as asserting Rosenfeld, as accountant for Financial Partners (Complaint ¶ 9), was "associated with" it as Section 1962(c) requires.[3] But there is nothing in the Complaint to provide the equally necessary Sec-

---

**1.** All further RICO citations will take the form "Section—" (employing the Title 18 section numbering).

**2.** For example, no comment is essayed as to plaintiffs' satisfaction or non-satisfaction of the frequently-contested "pattern" requirement, as to which this Court's opinion in *Northern Trust Bank/O'Hare, N.A. v. Inryco, Inc.,* 615 F.Supp. 828, 831–33 (N.D.Ill.1985) seems to have generated a virtual firestorm—see, e.g., such cases as *Superior Oil Co. v. Fulmer,* 785 F.2d 252, 257 (8th Cir.1986) (embracing *Inryco*); *Dunham v. Independence Bank of Chicago,* 629 F.Supp. 983, 989–90 (N.D.Ill.1986) and *SJ Advanced Technol-*

*ogy & Manufacturing Corp. v. Junkunc,* 627 F.Supp. 572, 576–77 (N.D.Ill.1986) and cases cited in each (all reflecting this Court's own picking-out of the definitional line since *Inryco*); and *Papai v. Cremosnik,* 635 F.Supp. 1402, 1407–13 (N.D.Ill.1986) (the most-recently published opinion in this District Court, announcing a variant not significantly different from this Court's views).

**3.** That allegation, however, would not also render Rosenfeld "associated with" *Serhant* individually in the RICO sense.

tion 1962(c) nexus of Rosenfeld's having "conduct[ed] or participate[d], directly or indirectly, in the conduct of [Financial Partners'] affairs through [the alleged] pattern of racketeering activity...." That means no claim has been stated under Section 1962(c).

■ Second, Complaint ¶ 13 says this:

13. The defendant MARTIN ROSENFELD in conjunction with ROBERT SERHANT and FINANCIAL PARTNERS, LTD, used the monies so derived from the above described pattern of racketeering activity in the operation of FINANCIAL PARTNERS, LTD and in their own businesses and activities, each being an enterprise engaged in or affecting interstate commerce in violation of 18 U.S.C. 1962(c).

But for the same reason as stated in the preceding paragraph, that does not track with Section 1962(c)· any more than the earlier-quoted Complaint ¶ 12. Nor does the allegation satisfy the uncited Section 1962(a) (which comes closer to Complaint ¶ 13's language than Section 1962(c)), because nothing indicates *Rosenfeld* "received any income" as Section 1962(a) requires—instead the claim is that *Financial Partners* did so (Complaint ¶¶ 17–19). Again no claim has been stated, this time under either Section 1962(c) or Section 1962(a).

■ Third, though some portions of the Complaint do talk in conspiracy terms, that does not bring plaintiffs' claim within Section 1962(d) (also uncited, but considered by this Court in an effort to search out a possible RICO claim from the allegations). Because no allegation of RICO violations by "persons" other than Rosenfeld is reflected in the Complaint, any asserted RICO liability of Rosenfeld under Section 1962(d) must depend on his own claimed violations—a subject already dealt with and rejected in the preceding paragraphs.

■ One or more of those flaws might perhaps be cured by repleading, though plaintiffs' counsel would have to be mindful of the strictures of Fed.R.Civ.P. 11 in that respect. But what appears noncurable is the fact that on plaintiffs' own allegations the assertedly fraudulent activity ended in December *1982* (Complaint ¶ 8). Though differing views exist as to the limitations period for Illinois-based RICO claims (see the LEXIS-available opinion in *Fink v. Meserve, Mumper & Hughes,* No. 84 C 10382, slip op. (N.D.Ill. June 19, 1986) [Available on WESTLAW, DCTU database]), this Court agrees (as did its colleague Judge Prentice Marshall in *Fink* ) with the analysis of its other colleague Judge William Hart as expressed in *Electronic Relays (India) Pvt. Ltd. v. Pascente,* 610 F.Supp. 648 (N.D.Ill.1985): Two years is the time within which such claims must be sued upon.[4] This action is well beyond that and, absent any tolling factor, is out of time.

Accordingly the Complaint is dismissed. Because it is possible (though unlikely) all the defects identified in this opinion (including the limitations bar) could be eliminated by repleading, such dismissal is without prejudice to the filing of an Amended Complaint curing the flaws on or before August 28, 1986, failing which the action itself will be dismissed August 29, 1986.

---

**4.** This Court has, on several prior occasions, held to the same effect in oral bench rulings. However, it has never had occasion to publish on the subject. Though this opinion adds nothing to the corpus juris in substantive terms, members of the practicing bar whose cases are assigned to this Court's calendar are entitled to know its views. Hence this brief opinion is being issued) for publication.