ASHLAND OIL, INC., a Kentucky corporation, Bell Fuels, Inc., a Nevada corporation; Jasper County Farm Bureau Cooperative Association, Inc., an Indiana corporation; Marathon Petroleum Company, an Ohio corporation, Plaintiffs,

v.

Toy Rex ARNETT, Jr.; Rena Arnett, his wife; Thomas Arnett; Super Payless Gas, Inc.; Charles Arnett; Norma Arnett; Donald G. Richards; Richards, Isenberg & Co. successor to Richards & Co.; Kenneth Ford; William Shireman; Steel City Gas Stop, Inc.; Carson Truck Plaza, Inc.; Carson Petroleum Company; and Interstate Truck Plazas of America, Inc.; Defendants.

No. L 84–158, L 84–111.

United States District Court, N.D. Indiana, Hammond Division at Lafayette.

March 16, 1987.

---

Stephen J. Schostok, Melbourne A. Noel, Jr., Chicago, Ill., Joseph T. Bumbleburg, Lafayette, Ind., for plaintiffs.

Richard F. Joyce, Plymouth, Ind., Thomas J. Dillon, Chicago, Ill., Edward P. Grimmer, Crown Point, Ind., Alan S. Brown, Jeffrey S. Washburn, Indianapolis, Ind., for defendants.

## MEMORANDUM AND ORDER

ALLEN SHARP, Chief Judge.

This case is before the court on three motions which raise similar legal issues. On December 15, 1986, the defendant, Interstate Truck Plazas of America, Inc. (Interstate), filed a Motion to Dismiss; on December 22, 1986, the defendants, Mr. Kenneth Ford, and Carson Petroleum Company (Carson Petroleum) filed separate Motions for Judgment on the Pleadings. Subsequently, on January 20, 1987, the plaintiffs filed a document entitled "Consolidated Responses in Opposition to Interstate's Motion to Dismiss and Carson Petroleum Company's and Kenneth Ford's Motions for Judgment". In addition, defendants Ford and Carson Petroleum filed a reply to Plaintiffs' consolidated response. Further, the court heard oral argument on February 19, 1987. This matter is now ripe for decision.

All three motions allege that the statute of limitations applicable to RICO claims bars the claims of the plaintiffs against these defendants. The facts pertinent to the motions begin in April or May 1983. The acts which allegedly precipitated the plaintiffs' RICO allegations began in April 1983. A brief recitation of the facts relevant to each defendant's motion will be helpful.

Interstate was named as a defendant for the first time in the Consolidated Third Amended Complaint filed on August 29,

1986. Charles Arnett and Norma Arnett are alleged to be the president and treasurer of Interstate and one or both of them are alleged to be shareholders of the corporation. In addition, Charles Arnett was alleged to be a service station owner. Charles Arnett and Norma Arnett were named as defendants in the First Amended Complaint filed on December 14, 1984; they were served with a copy of that complaint on January 10, 1985. The First Amended Complaint alleged that the defendants "conspired to and did knowingly exert unauthorized control over property of [the plaintiffs] ..." Counts II, IV and VI allege theft of product in violation of RICO. Interstate is not alleged to have committed any acts which are not generally alleged in the plaintiffs' First Amended Complaint.

Mr. Kenneth Ford is alleged to have become the "general manager of Steel City Gas Stop, Inc. in late 1982" and in 1984 he purchased the trucks and customer accounts of Super Payless Gas, Inc. Mr. Ford was named as a defendant for the first time in the Second Amended Complaint filed on March 7, 1986. Steel City Gas Stop, Inc. was named as a defendant on December 14, 1984. No mention of Mr. Ford is made in connection with service of the complaint on Steel City Gas Stop, Inc. Mr. Ford was served with a copy of the Second Amended Complaint on March 12, 1986. On January 10, 1985, an attorney entered an appearance for Steel City Gas, Inc. There is nothing in the record which indicates that Mr. Ford was ever made cognizant of the complaint in this case until he was served with a copy of the Second Amended Complaint.

Carson Petroleum was named in the First Amended Complaint, filed on December 14, 1984, and Carson Petroleum's attorneys filed an appearance on its behalf on January 10, 1985. The logical inference is that Carson Petroleum received notice not later than January 10, 1985. On December 27, 1985, Carson Petroleum was dismissed without prejudice. Carson Petroleum was again named as a defendant in the Consolidated Third Amended Complaint filed on August 29, 1986. The allegations of the First Amended Complaint do not differ significantly from the allegations contained in the Consolidated Third Amended Complaint.

The first issue which must be addressed is which Indiana statute of limitations is applicable to civil RICO claims. The plaintiffs contend that this court's opinion in *State Farm Fire and Casualty Co. v. Estate of Caton,* 540 F.Supp. 673 (N.D.Ind. 1982) is controlling. These defendants argue that the opinion of the Court of Appeals for the Seventh Circuit in *Tellis v. United States Fidelity & Guaranty Co.,* 805 F.2d 741 (7th Cir.1986) is controlling.

Congress had not included a statute of limitations when it passed or amended the Racketeer Influenced and Corrupt Organizations Act. *See,* 18 U.S.C. §§ 1961 *et seq.; Tellis,* 805 F.2d at 742; *State Farm,* 540 F.Supp. at 683. When a federal statute creates a federal cause of action but specifies no particular statute of limitations, the federal courts usually apply the most analogous state statute of limitations. *Accord, Wilson v. Garcia,* 471 U.S. 261, 105 S.Ct. 1938, 1942, 85 L.Ed.2d 254 (1985); *Johnson v. Railway Express Agency,* 421 U.S. 454, 462, 95 S.Ct. 1716, 1721, 44 L.Ed.2d 295 (1975); *Tellis,* 805 F.2d at 745; *Davis v. Smith,* 635 F.Supp. 459, 461 (N.D. Ill.1985); *Electronics Relays (India) PVT. LTD. v. Pascente,* 610 F.Supp. 648, 649 (N.D.Ill.1985); *State Farm,* 540 F.Supp. at 683. Therefore, this court must decide whether the *Tellis* decision requires the adoption of the two year statute of limitations for statutory penalties. I.C. 34–1–2–2.

Although "the majority of courts have selected a uniform characterization of all RICO claims", not all court's uniform characterization has been the same. *Tellis,* 805 F.2d at 744. In general the courts have characterized RICO claims as either claims for fraud or claims for statutory penalties. In *State Farm* this court faced that dichotomy and held that the factual basis for most civil RICO claims was fraud. *State Farm,* 540 F.Supp. 684–685. In that case this court found that the most analogous state statute of limitations was Indiana's

six (6) year statute of limitations for fraud claims. *Id.* In *Tellis* the Court of Appeals for the Seventh Circuit had its "first opportunity to determine the appropriate statute of limitations for a civil RICO claim." *Tellis*, 805 F.2d at 742. In that case the court acknowledged that "many civil RICO claims are based on fraud." *Id.*, at 746. However, the court pointed out that the number of "possible predicate acts for a civil RICO claim shows that many acts quite apart from fraud serve as predicate acts." *Id.* That court concluded it was "preferable to seek a common aspect to all civil RICO claims as a basis for uniform characterization." *Id.* After an analysis of the statute, the legislative history and the similarities of civil RICO claims the court in *Tellis* held that "civil RICO claim[s] are best characterized as an action for treble damages, and such an action is penal in nature." *Id.; see also Electronic Relays*, 610 F.Supp. at 652. That court concluded that the state statute of limitations for statutory penalties was the most analogous statute for civil RICO claims.

■ In light of *Tellis*, which is controlling precedent, this court must overrule the decision in *State Farm Fire & Casualty Co. v. Estate of Caton*, 540 F.Supp. 673 (N.D.Ind.1982). Civil RICO claims brought in federal courts sitting in Indiana are now uniformly characterized as claims for statutory penalties and the two (2) year statute of limitations "for forfeiture of penalty given by statute" is the most analogous state statute of limitations. I.C. 34–1–2–2.

The next issue is whether since the two year statute of limitations bars the plaintiffs' claims against these defendants, does Rule 15(c) of the Federal Rules of Civil Procedure save the plaintiffs' claims?

■ Rule 15(c) of the Federal Rules of Civil Procedure states in pertinent part:
Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates

back if the foregoing provision is satisfied and within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

Fed.R.Civ.P. 15(c). Recently the Supreme Court of the United States addressed the relation back issue in *Schiavone v. Fortune*, — U.S. —, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986). The Court identified "four factors, all of which must be satisfied" for an amendment to relate back. *Id.*, 106 S.Ct. at 2384. First "the basic claim must have arisen out of the conduct set forth in the original pleading". *Id.* In this case the alleged conduct of these three defendants did arise out of the conduct set forth in the First Amended Complaint filed on December 14, 1983. Second, "the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense." *Id.* The facts pertinent to each defendant demonstrate that two of the three defendants did receive the requisite notice. Interstate's President, Treasurer and sole shareholder were personally served with a copy of the First Amended Complaint on January 10, 1985. That date is within two years of April or May 1983. The First Amended Complaint contained allegations which should have provided such notice that Interstate will not be prejudiced in maintaining its defense. Carson Petroleum was a named defendant in the First Amended Complaint and was dismissed without prejudice on December 27, 1985. The general allegations of the First Amended Complaint were sufficient to provide such notice that Carson Petroleum will not be prejudiced in maintaining its defense.

■ Mr. Kenneth Ford, however, was not a named defendant in the original or First Amended Complaint. The Second Amended Complaint, filed March 7, 1986,

named Mr. Ford as a defendant. Mr. Ford was served with a copy of the complaint on March 21, 1986. Therefore, he did not receive personal notice within the statute of limitations period. Nor does the record provide any evidence that any other notice provided Mr. Ford with notice such that he will not be prejudiced in maintaining his defense. Under Rule 15(c) the claims against Mr. Ford do not relate back to any filing date within the two year statute of limitations.

The Court in *Schiavone* held that the fourth factor was that "the second and third requirements must have been fulfilled within the prescribed limitations period." *Schiavone*, 106 S.Ct. at 2384.

■ The third factor is "that the party must or should have known that, but for a mistake concerning identity, the action would have been brought against it." *Id.* It is clear from the allegations which constitute the First Amended Complaint that Interstate and Carson Petroleum should have known that but for a mistake concerning identity the action would have been brought against it. The defendants argue that there was no mistake as to identity and that the plaintiffs were aware of Interstate's and Carson Petroleum's identity. The defendants construe the word identity very broadly. This court does not construe the word identity to include the knowledge that some entity was involved in the scheme, but the mistake as to identity can be merely a mistake as to the specific name of the entity. The First Amended Complaint includes allegations about a service station which Charles Arnett managed and Interstate is that service station. Mistake is defined as, "some unintentional act, omission, or error arising from ignorance, surprise, imposition or misplaced confidence." Black's Law Dictionary, p. 1152 (rev. 4th Ed. 1968). The plaintiffs, when the First Amended Complaint was filed were mistaken, due to ignorance, about the identity of Interstate. Although the plaintiffs did give actual notice to Carson Petroleum within the time the relation back doctrine of Rule 15(c) is applicable because due to a mistake of ignorance Carson Petroleum was voluntarily dismissed without prej-

udice. The fundamental basis for permitting relation back is applicable to Carson Petroleum.

■ A motion to dismiss and a motion for judgment on the pleadings under Rule 12(c) are subject to the same standard. *Susman v. Lincoln American Corp.*, 517 F.Supp. 931, 934 n. 7 (N.D.Ill.1981). That standard is that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that plaintiff can prove so set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). Based upon that standard and the analysis of the law judgment should be entered in favor of Mr. Kenneth Ford. However, Carson Petroleum's motion for judgment, and Interstate's motion to dismiss must be denied.

Accordingly, and for all the above reasons, it is the ORDER of the court that the defendant's, Mr. Kenneth Ford, Motion for Judgment on the Pleadings be, and is hereby, GRANTED. It is FURTHER ORDERED that the defendant's Carson Petroleum Co., Motion for Judgment be, and is hereby, DENIED. It is FURTHER ORDERED that the defendant's Interstate Truck Plazas of America, Inc., Motion to Dismiss be, and is hereby, DENIED.

SO ORDERED.