## Klepper v. Bd. of Regents
*[Cite as 2 AOA 558]*

*Case No. 89AP-277*
*Franklin County, (10th)*
*Decided March 29, 1990*

*Art.I, sec.2, O. Const.*
*Art. II, sec. 28, O. Const.*
*Art VI, sec. 5, O. Const.*
*R.C. 3345.32*

*Mr. James D. McNamara, for appellant.*

*Mr. Anthony J. Celebrezze, Jr., Attorney General, and Ms. Lauren M. Ross, for appellees.*

YOUNG, J.

This matter is before this court upon the appeal of Michael M. Klepper, appellant, from a judgment on the pleadings rendered in favor of the appellees, Ohio Board of Regents ("Board of Regents"), the Ohio State University and the Attorney General of Ohio.

Appellant was formally enrolled at Ohio State University and paid the in-state tuition amount established for Ohio residents. Appellant partially financed his education with Ohio Instructional Grants provided by the state of Ohio. See R.C. 3333.12. Appellant is required by federal law to register with the Selective Service System. See Section 453, Title 50, U.S. Code. However, based upon his opposition to a military draft, appellant has not registered, as required.

Effective as of winter quarter 1987, R.C. 3345.32 mandated that state universities such as Ohio State University demand from all male students born after December 31, 1959, a statement of selective service status whereby the male student certifies that he either is registered, or in ineligible, for the draft. A failure to file a statement of selective service status results in the student being (1) charged an out-of-state tuition surcharge even though he is an Ohio resident; (2) denied loans and/or loan guarantees from the Ohio Student Loan Commission; and (3) denied all loans, grants, scholarships or other educational financial assistance under R.C. 3315.33, 3333.12 3333.21, 3333.22 3333.26, 3333.27, 5910.03 5910.032, and 5919.34.

When appellant was specifically denied an Ohio Instructional Grant and charged the surcharge for out-of-state tuition, he filed an action for declaratory judgment and injunctive relief to prevent the appellee from enforcing R.C. 3345.32, and challenged this statute's constitutionality. Both parties filed cross motions for judgment on the pleadings. The trial subsequently sustained appellees' motion for judgment on the pleadings and overruled appellant's motion. Thereafter, this appeal ensued and appellant now asserts the following six assignments of error:

*"First Assignment of Error*

"The trial court erred to the prejudice of the Appellant by sustaining the Appellees['] Motion for Judgment on the Pleadings, because the statute challenged herein, §3345.32, Ohio Revised Code, violates the Equal Protection Clause of Article I, §2, of the Ohio Constitution.

*"Second Assignment of Error*

"The trial court erred to the prejudice of the Appellant by sustaining the Appellees['] Motion for Judgment on the Pleadings,

because the statute challenged herein, §3345.32, Ohio Revised Code, violates Article II, §26 of the Ohio Constitution.

*"Third Assignment of Error*

"The trial court erred to the prejudice of the Appellant by sustaining the Appellees['] Motion for Judgment on the Pleadings, because the statute challenged herein, §3345.32, Ohio Revised Code, violates Article II, §32 of the Ohio Constitution.

*"Fourth Assignment of Error*

"The trial court erred to the prejudice of the Appellant by sustaining the Appellees['] Motion for Judgment on the Pleadings, because the statute challenged herein, §3345.32, Ohio Revised Code, violates II, §28 of the Ohio Constitution.

*"Fifth Assignment of Error*

"The trial court erred to the prejudice of the Appellant by sustaining the Appellees['] Motion for Judgment on the Pleadings, because the statute challenged herein, §3345.32, Ohio Revised Code, violates Article VI, §5 of the Ohio Constitution.

"*Sixth Assignment of Error*

"The trial court erred to the prejudice of the Appellant by sustaining the Appellees['] Motion for Judgment on the Pleadings, because the statute challenged herein, §3345.32, Ohio Revised Code, violates Article I, §10 of the Ohio Constitution and the Fifth Amendment to the United States Constitution."

In considering a motion for judgment on the pleadings, the party against whom the motion is made is entitled to have all the material allegations in his complaint, with all reasonable inferences to be drawn therefrom, construed in his favor as true. See *Peterson* v. *Teodosio* (1973), 34 Ohio St. 2d 161. The trial court must be satisfied that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. See *Ashland Oil, Inc.* v. *Arnett* (N.D. Ind. 1987), 656 F. Supp. 950.

In his first assignment of error, appellant asserts that the trial court by sustaining appellees' motion for judgment on the pleadings since R.C. 3345.32 violates the Equal Protection Clause of Section 2, Article I, Ohio Constitution. The Equal Protection Clause, Section 2, Article I, Ohio Constitution states:

"All political power is inherent in the people. Government is instituted for their equal protection and benefit, and they have the right to alter, reform, or abolish the same, whenever they may deem it necessary; and no special privileges or immunities shall ever be granted, that may not be altered, revoked, or repealed by the general assembly ***."

R.C. 3345.32 states, in pertinent part:

"*** Each statement of selective service status shall contain a section wherein a male student born after December 31, 1959 certifies that he has registered with the selective system in accordance with the 'Military Selective Service Act,' 62 Stat. 604, 50 U.S.C. App. 453, as amended, and a space for the student to record the selective service number he was assigned. ***

"(C) A state university or college that enrolls in any course, class, or program a male student born after December 31, 1959 who has not filed a statement of selective service status with the university or college shall, regardless of the student's residency, charge him any tuition surcharged charged students who are not residents of this state."

The Ohio courts have traditionally applied the two-tiered test formulated by the United States Supreme Court to Ohio's Equal Protection Clause. See *Bd. of Edn.* v. *Walter* (1979), 58 Ohio St. 2d 368. The unequal treatment of classes of persons by a state is valid only if the state can show that a rational basis exists for the inequality, unless the discrimination impairs the exercise of a fundamental right or establishes a suspect classification. *Id.* at 373.

The facts before this court do not involve a suspect classification such as race, religion, or nationality. Furthermore, there is no precedent which establishes the pursuance of a college education as being a fundamental right. Thus, this court must analyze the facts in light of whether the state can demonstrate a rational basis for the classification set forth in R.C. 335.32.

Selective service registration, pursuant to Section 462(F), Title 50, U.S Code, is not only a concern of the federal government but is also the basis for a legitimate state interest. See *Selective Service System* v. *Minnesota Public Interest Research Group* (1984), 468 U.S. 841. It is a legitimate state to coordinate its efforts with other states in supporting the federal government in its enumerated power of providing for the common defense. Although our federal system of government allow for a considerable amount of state autonomy, the federal government and the individual state governments are not totally divergent from one another. Our federal system of government is,

for the most part, symbiotic. Although the power to provide for the common defense was relinquished by the states to the federal government, this does not necessarily mean that the nation's common defense cannot be the basis for a legitimate state concern.

Two of the three sanctions imposed by R.C. 3345.32 (D) and (E) (denial of loans, grants, scholarships and other assistance), operate equally upon both male Ohio residents and male nonresident students. The third sanction imposing out-of-state tuition rates upon Ohio residents applies only to male Ohio residents and has no effect upon nonresidents. The issue therefore, it is whether it is reasonable to "punish" students who are Ohio residents much more severely than students who are nonresidents for failing to file the statement of selective service status. No rational basis for such disparate treatment of male Ohio residents has been supported and we can conceive of none.

However, in the case at bar, there is a lack of a rational basis for charging male residents, who indicate they have failed to register for the draft, the tuition amount equivalent to out-of-state fees. First of all, residents attending non-state supported schools and nonresident males attending Ohio state supported universities are not subject to any similar consequences by the state of Ohio for failing to indicate that they have registered for the draft. Yet, these residents attending non-state supported schools and nonresident males attending Ohio state supported universities are subject to the same criminal punishments imposed by the federal government for failing to register for the draft and equally violate the same law.

Secondly. R.C. 3345.32(C) appears to be a state legislative penalty for the commission of federal criminal act, only applicable to Ohio male residents attending state supported universities, and imposed without any benefit of a criminal process. Accordingly, this "penalty" the equivalent of out-of-state tuition fees, lacks a rational basis since it singles out Ohio male residents who indicate they have failed to register for the draft and desire to attend a state supported university. On the other hand, the other sanctions imposed by R.C. 3345.32(D) and (E) do not present a similar constitutional problem since they deny benefits rather than impose what is tantamount to a fine upon Ohio residents and operate equally upon male residents and nonresidents of Ohio. Perhaps denying admission of both resident and

nonresident males who apply to state supported schools and indicate they have failed to register for the draft would constitute a rational basis. However, to impose a "penalty" by legislative fiat which is based upon an invalid class is blatantly improper. Thus, upon finding that the classification set forth in R.C. 3345.32(C) lacks a rational basis, R.C. 3345.32(C) is unconstitutional to the extent that it indirectly imposes a "penalty" upon resident Ohio males attending state supported universities who have indicated that they have failed to register for the draft. Accordingly, appellant's first assignment of error is well-taken and is sustained.

In the second assignment of error, appellant asserts that R.C. 3345.32 violates Section 26, Article II, Ohio Constitution. Section 26, Article II, Ohio Constitution, states, in pertinent part:

"All laws, of a general nature, shall have a uniform operation throughout the state; nor, shall any act, except such as relates to public schools, be passed, to take effect upon the approval of any other authority than the general assembly, except, as otherwise provided in this constitution."

The test for determining whether a statute must operate uniformly is the same rational basis review as discussed in this court's disposition of the first assignment of error. R.C. 3345.32 is Ohio's equivalent of Section 462(F), Title 50, U.S. Code. The United States Supreme Court held that Section 462(F), Title 50, U.S. Code does not single out a minority or disadvantaged group in directing its class distinction to males applying for post-secondary educational assistance. *Selective, Services, supra.* R.C. 3345.32 applies equally and uniformly to every male citizen required by presidential order to register with the selective service. Thus, appellant's second assignment of error is not well-taken and is overruled.

In the third assignment of error, appellant asserts that R.C. 3345.32 violates Section 32, Article II, Ohio Constitution which states that the legislature shall not "*** exercise any judicial power ***." Appellant asserts that the effect of R.C. 3345.32 is the Ohio legislature's attempt to penalize Ohio citizens for the violation of federal selective service laws. Upon review, this court has previously addressed in its disposition of appellant's first and second assignments of error the propriety of encouraging registration with the Military Selective Service Act. By encouraging compliance with the Military Selective Service

Act, the state is not only promoting a legitimate state interest but is also promoting the stated purposes of common defense and national security. Appellant's argument, that the general assembly is necessarily exercising judicial authority in demanding compliance with R.C. 3345.32, must fail. The exercise of judicial authority necessarily involves an adjudication in some type of court proceeding. R.C. 3345.32 merely requires from a male student a statement regarding his selective status. The process is administrative in nature and does not involve the exercise of any judicial authority. The condition precedent of registering for the draft before qualifying for state sponsored educational aid is simply a rational means to improve compliance with selective service registration requirements.

However, to the extent that R.C. 3345.32(C) improperly imposes a penalty upon Ohio male residents attending state supported schools without benefit of a criminal proceeding as discussed in this court's disposition of appellant's first assignment of error, this assignment of error is sustained. Accordingly, appellant's third assignment of error is overruled in part and sustained in part.

Appellant asserts in his fourth assignment of error that R.C. 3345.32 violates Section 28, Article II, Ohio Constitution prohibiting the enactment of retroactive laws. Section 28, Article II, Ohio Constitution states, in pertinent part:

"The general assembly shall have no power to pass retroactive laws, or laws impairing the obligation of contracts; but may, by general laws, authorize court to carry into effect, upon such terms as shall be just and equitable, the manifest intention of parties, and officers, by curing omissions, defects,and errors, in instruments and proceedings, arising out of their want of conformity with the laws of this state.***"

R.C. 3345.32 is not retroactive for the same reasoning that the United States Supreme Court held that Section 12(f) of the Military Selective Service Act was not retroactive in *Selective Service, supra.* R.C. 3345.32 is not irreversible and a student can comply with R.C. 3345.32 by either registering timely or late for that matter. Thus, appellant's fourth assignment of error is not well-take and is overruled.

In this fifth assignment of error, appellant asserts that R.C. 3345.32 violates Section 5, Article VI, Ohio Constitution. Section 5, Article VI, Ohio Constitution states, in pertinent part:

"To increase opportunities to the residents of this state for higher education, it is hereby determined to be in the public interest and a proper public purpose for the state to guarantee the repayment of loans made to residents of this state to assist them in meeting the expenses of attending a institution of higher education. Laws may be passed to carry into effect such purpose ***."

This provision does not imply that an Ohio student by virtue of his residency, is automatically granted a right to receive state appropriated student loans. It is within the purview of the General Assembly to establish criteria and qualifications in selecting students that are eligible for the state appropriated guaranteed loans. By enacting R.C. 3345.32, the legislature has determined that selective service registration is one criteria that will be required in disseminating the limited amount of state loan funds to qualified applicants. Accordingly, appellant's fifth assignment of error is not well-taken and is overruled.

In the sixth assignment of error, appellant asserts that R.C. 3345.32 violates Section 10, Article I, Ohio Constitution and the Fifth Amendment of the United States Constitution by compelling a person who has not registered with the Selective Service to admit to such fact. However, R.C. 3354.32 is a voluntary provision and does not require a forced disclosure. Disclosure is only required if the student chooses to apply for state supported financial educational assistance. Even at that point, all that is required is the submission of proof that the student has in fact registered for the draft, regardless of whether the student registered timely. *Selective Service, supra.* The record before his court does not reveal that appellant was charged with any criminal violation stemming from his conduct of applying for state assisted financial aid, in lieu of the fact that he has not registered with the selective service. Thus, the issue is not ripe for review. *State* v. *Western Union Telegraph Co.* (1951), 154 Ohio St. 511, paragraph eight of the syllabus. Accordingly, appellant's sixth assignment of error is not well-taken and is overruled.

Based on the foregoing, appellant's first assignment of error is sustained; appellant's second, fourth, fifth and sixth assignments of error are not well-taken and are overruled. Appellant's third assignment of error is overruled in part and sustained in part. The judgment of the trial court is affirmed to the extent that appellant is being denied special

benefits, but is reversed to the extent that appellant is being improperly "fined" legislatively pursuant to R.C. 3345.32(C) as discussed in this court's disposition of appellant's first assignment of error.

*Judgment affirmed in part;*
*reversed in part*
*and cause remanded.*

WHITESIDE AND McCORMAC, JJ., concur.